Sherwood *v.* Mitchell.

---

## SHERWOOD *vs.* MITCHELL.

Where a defendant relies upon a bankrupt discharge, the *onus* of proving that the plaintiff's debt arose out of a defalcation of the defendant in a fiduciary capacity, is on the plaintiff, though the defendant has in his plea averred that the debt was not of that character.

ERROR to the Yates common pleas, where the cause was tried on appeal from a justice's court—Mitchell being the plaintiff and Sherwood defendant. The plaintiff claimed to recover the amount of two promissory notes for the payment of thirty dollars each, both dated January 7th, 1843. The defence was a discharge of the defendant from his debts under the late bankrupt act, granted February 7th, 1846, pursuant to a petition to be declared a bankrupt presented on the 8th day of February, 1843; which discharge the defendant pleaded in a formal manner, with an averment that the plaintiff's debt was proveable under the act, and did not arise in consequence of the defalcation of the defendant as a public officer, nor while acting in a fiduciary capacity. The replication denied the several facts set forth in the plea.

On the trial, the plaintiff proved the making of the notes, and the defendant gave in evidence the bankrupt discharge; whereupon the plaintiff insisted that the defendant was bound to show that the debt claimed in the suit did not arise out of a breach of trust, as he had averred in his plea. The defendant maintained that he had made out his case, and that it was for the plaintiff to show, if the fact existed, that his demand belonged to the class upon which the discharge did not operate. The court charged the jury that under the pleadings and proofs the plaintiff was entitled to recover the amount of the notes. The defendant excepted, and the plaintiff had a verdict and judgment. The defendant brought error.

*Judd & Lewis,* for the plaintiff in error.

*D. J. Sunderlin,* for the defendant in error.

*By the Court,* JEWETT, J. The ground taken by the plaintiff is, that as the defendant in his plea had alleged that the plaintiff's debt was proveable under the bankrupt act, and that it was not created in consequence of the defalcation of the defendant as a public officer, or while he was acting in a fiduciary capacity, he was bound, according to a general principle in the law of evidence—that he who asserts the affirmative must prove it—to prove these facts so alleged by evidence *aliunde* the discharge and certificate. The general rule as contended for, is undoubtedly correct; but there is an exception to it. When a cause of action or matter of defence under a statute is pleaded, which statute contains a *proviso* or exception in the same substantive clause on which the action or defence is founded, although the declaration or plea must deny that the cause of action or defence is within the proviso or exception, yet it is not necessary for the party to prove the negative; but it rests with the other party to prove the affirmative. As, for instance, in an action on the game laws, though the plaintiff must aver, in order to bring the defendant within the act, that he was not duly qualified; still it is not necessary to disprove his qualifications,

but it is for the defendant, if he can, to prove himself qualified. (*Spieres* v. *Parker*, 1 *T. R.* 144 ; *Jelfs* v. *Ballard*, 1 *B. & P.* 468 ; *Sheldon* v. *Clark*, 1 *John. Rep.* 513; *The Apothecaries' Company* v. *Bentley*, *Ryan & Moody*, 159 ; *Cowen & Hill's Notes*, 490 ; *Potter* v. *Deyo*, 19 *Wend.* 361.)

The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fraud which by the act avoids it. Debts arising out of a violation of an official or private trust are not affected by it, unless the creditor chooses to prove the demand under the bankruptcy. The discharge, it is true, is general in its terms, and *prima facie* is a discharge of the bankrupt from all his debts. But the creditor may, notwithstanding, show that his debt is of the excepted class. The *onus*, however, is on him, and if he fails to make the proof, the debt will be taken to be one of an ordinary character.

The common pleas erred, and its judgment must be reversed.

Judgment reversed.