CHARLES B. PHILLIPS, Plaintiff in Error, *v.* WILLIAM P. KERR, Defendant in Error.

26  213
86a 619

### ERROR TO THE SUPERIOR COURT OF CHICAGO.

A motion to quash a capias ad respondendum, does not affect the right of the plaintiff to proceed to a trial of the cause. Although it is a better practice to dispose of such motions before trial, it is not error not to do so.

The Superior Court of Chicago, after default, may hear evidence on the assessment of damages, and the same presumptions will support the finding of the court as would the finding of a jury.

If the affidavit for the capias states a sum due with interest, the interest may be added in the judgment.

THIS was an action of assumpsit, commenced June 19th, A. D. 1858, by the filing, on behalf of plaintiff below, (defendant in error), of an affidavit to hold to bail, which states that the action is brought to recover the sum of $5,921.86, money had and received. Affidavit concludes with the allegation that said sum of $5,921.86, and interest from October 1, 1857, is due.

Capias ad respondendum returned to July term, 1857.

At the September term of the court, defendant below filed this motion:

And now comes the said defendant, and moves the court to quash the writ of *capias ad respondendum* issued in this cause, and to discharge the bail bond therein, and the said writ be ordered to stand as a summons only. And for cause the said defendant shows the following irregularities and defects in the affidavit upon which said writ was issued:

1st. Said affidavit is imperfectly and irregularly entitled as in a case then pending.

2nd. It describes the parties by the name of plaintiff and defendant before the commencement of the suit, which is improper in an affidavit to hold to bail.

3rd. Said affidavit is not positive, but all the allegations of fraud therein are based upon the information and belief of the affiant.

-4th. Said affidavit is in other respects informal, uncertain and insufficient.

December 17, A. D. 1858, " said day being one of the days of the November second special term of said court," without notice to the defendant below, and without disposing of the last named motion to quash the writ, the following proceedings were had in said cause:

" This day comes the said plaintiff, by his attorneys, and due personal service of process of .capias ad respondendum issued in this cause having been had on said defendant, and being three times solemnly called in open court, comes not, nor does any person for him, but herein he makes default, which is, on motion, ordered to be taken, and is hereby entered of record."

And the court thereupon assessed the damages and entered judgment against said defendant for the sum of six thousand four hundred and ten dollars and seventy-eight cents, and costs of suit.

M. W. FULLER, for Plaintiff in Error.

GOOKINS, THOMAS & ROBERTS, for Defendant in Error.

WALKER, J. It is urged that the court below erred, in enter

ing a default assessing damages, and rendering judgment, whilst a motion to quash the capias remained undetermined. Had this motion gone to the jurisdiction of the court over the person of the defendant, it is obvious that it would be error to render final judgment before the motion was disposed of; but as this motion only related to the mode by which he was before the court, a different question is presented. Had the motion prevailed, the effect of quashing the capias would have been to discharge the bail, and let it stand for, and answer the office of a summons. The determination of this motion, one way or the other, could not affect the right of appellee to proceed to a trial of the cause. It was neither in abatement or in bar of the action. Its determination could only affect the steps which might be taken for the collection of any recovery which might be had. It only questions the right of appellee to hold appellant in custody, in satisfaction of the judgment, or his bail liable, if his body should not be surrendered in execution, but it by no means questions the right of recovery. Whilst it may be true that it would have been more strictly in accordance with the better practice, to dispose of all such motions before a trial on the merits, still we cannot hold that it is an error, for which the judgment should be reversed. The determination of the motion, after the entry of the judgment, did the appellant no wrong, nor deprived him of any right, and he has, therefore, no reason to complain.

By the act regulating the practice of the court below, it had the right, upon entering a default, to hear evidence on the assessment of damages, without empanneling a jury for the purpose. And when a default is entered, and the damages have been assessed by the court, the same presumptions must prevail, that the necessary evidence was heard to support the finding, as if it had been made by a jury.

It is urged that the court erred in rendering judgment for a larger sum than was claimed in the affidavit to procure the capias. The affidavit states that appellant was indebted in the sum of $5,921.86, with interest, for money had and received of the appellee, in August, 1857. This affidavit does not limit the indebtedness to the sum specified, but it alleges that it was the sum named, with interest from August, 1857. Upon computing interest on that sum from the date named, until the judgment was rendered, the amount will be found to exceed the finding of the court. But the presumption is, that the evidence indicated what sum bore interest, and that the court found in accordance with the evidence.

The judgment of the court below is affirmed.

*Judgment affirmed.*