GEORGE B. VANNORMAN *et al.*

*v.*

D. H. YOUNG.

*Opinion filed June 19, 1907—Rehearing denied October 2, 1907.*

1. PLEADING—*when alleged error in refusing leave to file additional counts is harmless.* Alleged error in refusing leave to file, in an action of assumpsit on a note, additional counts charging fraud in contracting the debt is harmless, where the issue of fraud is fully presented by the defendant's plea setting up his discharge in bankruptcy, the replication of plaintiff and the rejoinder thereto.

2. SAME—*plea of puis darrein continuance does not admit the truth of affidavit for capias ad respondendum.* A plea of *puis darrein continuance* in an action of assumpsit on a note, setting up a discharge in bankruptcy, supersedes the defendant's plea of the general issue and admits the validity of the note, yet it does not admit the truthfulness of the allegations of plaintiff's affidavit for a *capias ad respondendum* alleging that the debt was fraudulently contracted.

3. EVIDENCE—*parol proof admissible to show that chattel mortgage was delivered conditionally.* Parol proof is admissible to show that a chattel mortgage was delivered to the mortgagee upon the understanding that it was intended to protect the mortgagor against his local creditors and as collateral security in case he desired to borrow money from the mortgagee's bank, and that the mortgage was not to be enforced against the mortgagor, who was to have the right to sell the property if he desired.

4. SAME—*burden of proof where a discharge in bankruptcy is shown.* In an action of assumpsit where the defendant pleads a discharge in bankruptcy his proof of such discharge is *prima facie* a bar to the claim sued upon, and the burden of proof is upon the plaintiff to show that the claim sued upon is not within the terms of the bankrupt's discharge.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This was an action of assumpsit commenced by plaintiffs in error in the circuit court of Cook county, against the defendant in error, upon a promissory note for $4033.86,

bearing date May 15, 1902. The declaration contained one special count and the common counts, and the general issue was filed. The plaintiffs in error, subsequent to the filing of the declaration, filed an affidavit for a *capias ad respondendum,* which stated that the debt had been fraudulently contracted by the defendant in error. A *capias ad respondendum* issued and the defendant in error was arrested and gave bail. Defendant in error, after the suit was brought, became a voluntary bankrupt, and thereupon filed a plea of *puis darrein continuance,* setting up his discharge in bankruptcy. The plaintiffs in error filed a replication to said plea that the debt for which the suit was brought was fraudulently contracted, and that the discharge in bankruptcy was not, for that reason, a bar to the action. The defendant in error rejoined, denying the allegation of fraud and concluding to the country. The case was submitted to a jury, who returned a verdict in favor of the defendant in error, and the court having rendered judgment on the verdict, which judgment, on appeal to the Appellate Court for the First District, was affirmed, a writ of error has been sued out from this court.

The plaintiffs in error resided in Chicago and the defendant in error in the State of Iowa. The consideration of the note sued on was for money loaned by the plaintiffs in error to the defendant in error, and the loan was secured by a chattel mortgage, bearing date October 28, 1901, on one hundred and thirty-three head of cattle. On May 15, 1902, the loan was extended and the note in suit was executed and a new chattel mortgage on one hundred and fifty head of cattle was given. The fraud relied upon to authorize the writ of *capias ad respondendum* to issue and to avoid the bar of defendant in error's discharge in bankruptcy was alleged to consist of certain false representations made by the defendant in error to the plaintiffs in error at the time of the renewal of the loan and the execution of the note sued on and the chattel mortgage covering the one hundred

and fifty head of cattle, said false representations being that the defendant in error represented that he was the owner and in possession of the one hundred and fifty head of cattle covered by the mortgage, in consequence of which plaintiffs in error extended the loan and released a part of the one hundred and thirty-three head of cattle covered by the first mortgage and took a new chattel mortgage on said one hundred and fifty head of cattle, which representations were averred to have been falsely made by the defendant in error to the plaintiffs in error for the purpose of obtaining credit from the plaintiffs in error.

Hebel & Haft, for plaintiffs in error.

Tinsman, Rankin & Neltnor, and Charles M. Young, for defendant in error.

Mr. Chief Justice Hand delivered the opinion of the court:

The plaintiffs in error, on the trial, asked leave to file two additional counts to their declaration, the first of which additional counts alleged that the defendant in error fraudulently represented to the plaintiffs in error that he was the owner of the one hundred and fifty head of cattle included in said mortgage at the time said note was executed, and the second of which additional counts alleged that subsequent to the execution of the chattel mortgage given to secure the note sued on, the defendant in error fraudulently and without the knowledge and consent of the plaintiffs in error sold the cattle, or a large part thereof, covered by the chattel mortgage given to secure the note sued on, and converted the proceeds to his own use. The court declined to permit plaintiffs in error to file said additional counts, which action of the court has been assigned as error. If it was error to deny the plaintiffs in error leave to file said additional counts, we think it was harmless error, as the issue

of fraud relied upon by the plaintiffs in error to avoid the bar of the defendant in error's discharge in bankruptcy was fully presented by the plea of *puis darrein continuance* filed by defendant in error, the replication filed thereto by the plaintiffs in error and the rejoinder filed to said replication by the defendant in error. We do not think, therefore, the court committed reversible error in refusing plaintiffs in error leave to file said additional counts to their declaration.

The plaintiffs in error, at the close of the evidence, asked the court to instruct the jury to return a verdict in their favor for the amount of the note sued on. This the court declined to do, and the action of the court in that regard is urged as reversible error. The motion for a directed verdict in favor of the plaintiffs in error was based upon the theory that the plea of *puis darrein continuance* filed by the defendant in error was an admission by him of the truthfulness of the affidavit filed by the plaintiffs in error for a *capias ad respondendum*, on the ground that the plea of *puis darrein continuance* supersedes all other pleas and defenses in the case in which said plea is filed. The object of the filing of the affidavit and the issuance of the *capias ad respondendum* was to require the defendant in error to give security for the debt upon which suit was brought, and was in no sense a pleading in the case. Section 9 of chapter 16 of an act entitled "An act concerning bail in civil cases," (Hurd's Stat. 1905, p. 196,) provides: "The court in term time, or the judge in vacation, may, on application, discharge the defendant from arrest for insufficiency of the affidavit, or because the facts stated therein are not true, or other good cause which would entitle him to be discharged upon *habeas corpus.*" The determination of such application one way or the other would not affect the right of the plaintiff to proceed to a trial of the cause. (*Phillips* v. *Kerr,* 26 Ill. 213.) While the plea of the general issue was superseded by the filing of the plea of *puis darrein continuance,* the filing of that plea did not admit the truthfulness of the

affidavit for a *capias ad respondendum*. All the defendant in error admitted by the filing of said plea was that the note was a valid note and that the plaintiffs in error would be entitled to judgment for the amount thereof except for the discharge of defendant in error in bankruptcy. *City of East St. Louis* v. *Renshaw*, 153 Ill. 491 ;. *Angus* v. *Chicago Trust and Savings Bank*, 170 id. 298.

The court, on the trial, permitted the defendant in error to submit proof, over the objection of the plaintiffs in error, that the understanding between the plaintiffs in error and defendant in error, at the time the chattel mortgage given to secure the note in suit was executed, was, that said mortgage was only given to protect the property of defendant in error from his Iowa creditors and to be used as collateral security by plaintiffs in error in case he desired to borrow money at their bank, and that said chattel mortgage was not to be enforced against defendant in error, and that he might at any time sell any portion of the cattle covered by said mortgage. The rule is well settled that the terms of a written instrument cannot be varied by parol evidence, and if that was the object and effect of the testimony objected to it was clearly inadmissible. That, however, was not the object or effect of the testimony. It is admissible to show by parol evidence a written instrument, such as a deed, although in the hands of a grantee, was not delivered, and it is equally admissible to show by parol evidence that a chattel mortgage or other similar instrument in writing, although in the hands of the mortgagee, was delivered conditionally, and not absolutely. Such was the effect of the testimony in question. We do not think the court erred, therefore, in the admission of such testimony. In *Brewster* v. *Reel*, 74 Iowa, 506, it was held proper to show by parol evidence that the instrument sued on "never, in fact, had a legal existence." To the same effect is *Perry.* v. *Railway Co.* 5 Cold, (Tenn.) 136.

The court instructed the jury that the burden of proof was upon the plaintiffs in error to show that their debt from defendant in error was not barred by his discharge in bankruptcy. The authorities upon the question as to where rests the burden of proof in such case are not in entire harmony. We think, however, the better rule is that a discharge in bankruptcy is presumed to cover all the debts of the bankrupt, and that the introduction in evidence by the bankrupt, when sued, of a certified copy of the order of discharge, or other proof of his discharge in bankruptcy, is *prima facie* a bar to the claim sued on, and that the burden of proof is upon the plaintiff to show that the claim sued on is not within the terms of the bankrupt's discharge. (Collier on Bankruptcy, p. 174; Brandenburg on Bankruptcy, sec. 433.) In *Sherwood* v. *Mitchell,* 4 Denio, 435, it is said: "The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fraud which by the act avoids it. Debts arising out of a violation of an official or private trust are not affected by it unless the creditor chooses to prove the demand under the bankruptcy. The discharge, it is true, is general in its terms, and *prima facie* is a discharge of the bankrupt from all his debts. But the creditor may, notwithstanding, show that his debt is of the excepted class. The *onus,* however, is on him, and if he fails to make the proof the debt will be taken to be one of an ordinary character."

Numerous objections have been made to instructions given on behalf of the defendant in error. These objections have been disposed of in considering the questions discussed in the foregoing opinion.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*