### In re CHAMBERSBURG SILK MFG. CO.

(District Court, M. D. Pennsylvania. June, 1911.)

BANKRUPTCY (§ 267*)—SALE OF PROPERTY FREE OF MORTGAGE LIENS—PAYMENT OF FEES AND EXPENSES FROM PROCEEDS.

Where a mortgage given by a bankrupt corporation to secure bonds was by its terms subject to control by the holders of a majority in amount of the bonds outstanding, and such majority joined in a petition by the trustee in bankruptcy for a sale of the property free from the lien of the mortgage, such action bound all the bondholders, and the fund realized may properly be charged with payment of the reasonable expenses, costs, and fees incident to the sale and care of the property and the disbursement of the fund by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 267.*]

In the matter of the Chambersburg Silk Manufacturing Company, bankrupt. On certificate of referee concerning payment of fees, etc., in preference to lien creditors. Order affirmed.

J. A. Strite, for exceptants.
Ralph W. Rymer, for trustee.

WITMER, District Judge. This is a proceeding, at the instance of the Chambersburg Trust Company, holding two bonds, of $500 each, and Harriet J. Dickson, holding one of such bonds, of the bankrupt corporation, for a review of an order made by the referee in bankruptcy directing the fees of the referee, trustee, attorneys for the trustee and for the bankrupt, pay of watchman protecting the property pending the proceeding, and other expenses incident to the proceedings in bankruptcy, to be paid out of the proceeds of the sale of real estate to the exclusion of the holders of bonds secured by mortgage constituting a second lien on the premises sold.

It appears that on petition of the trustee, representing that it was to the interest of the estate and the second mortgage bondholders that the real estate bound by such mortgage be sold discharged of such lien, to which a majority in amount of such bondholders assented, joining in the prayer of such petition, an order was entered by the

referee authorizing such sale, which, notwithstanding the objections of the parties who have brought this review, was approved by the court. The order under which the sale took place contained the following:

"Sale to be made without prejudice to the right of lien creditors, whose liens may be diverted thereby, to claim from the fund derived from the said sale the sum of their respective claims."

Also:

"The costs of the sale to be paid from the fund realized."

The trustee, having been encouraged by the bondholders, excepting, of course, the exceptants, either by acquiescing or joining in the application to the court, to sell the property and franchises of the bankrupt divested of the lien of their security, believing it to be to the interest of the estate as well as the holders of said bonds, is in my opinion, under these conditions, entitled to a deduction from the amount, $7,600, realized, for payment of the reasonable expenses, fees, and costs incident thereto. The several sums paid for day and night watchmen for looking after the estate mortgaged to date of sale, insurance, and other reasonable and necessary expenses calculated to conserve the property while in his control, should also be paid out of the fund realized, as directed by the referee.

This conclusion is justified, however, to the extent in this case, only by reason of the attitude of the lien creditors, who invoked the aid of the court to make sale of the aliened property and realize on their security, without the expense and delay of foreclosure proceedings. In re Barber et al. (D. C., Minn.) 3 Am. Bankr. Rep. 306, 97 Fed. 547; In re Meis (D. C., Ky.) 18 Am. Bankr. Rep. 104.

The exceptants reply that they should not be obliged to contribute of their security, since they have steadfastly protested to its discharge by sale. While the bankruptcy court had the authority to discharge the lien without their consent, and order certain costs incident to the same paid out of the fund, notwithstanding this is a power which is exercised with great care and caution, and any defalcation for costs and fees is jealously guarded. But for other considerations beyond the action of the exceptants entering into this decision we might, to some extent, affirm their contention. The claims here proven are founded on bonds, the individual property of the holders, it is true; but the security fastening such by lien upon the franchise and property of the bankrupt is the mortgage divested, which binds the holders of said bonds by its several terms and conditions. In regard to enforcing this lien, the mortgage throughout bears evidence of an intent that the lien thereof should be at all times subject to the control of the majority in amount of the holders of the bonds issued and outstanding, and the bonds were issued and held under and subject to all the provisions of the mortgage, which is, by recital, made part of the same. I doubt not but that, by the general policy of the law and the conditions recited, the majority in amount of the bondholders petitioning court to discharge the lien of the mortgage by the assent obtained, effected such

discharge and bound all bondholders alike with the consequences resulting from the action of the majority as stipulated.

Referring to the contention of the exceptants claiming that the distribution of the fund realized should be made through the trustee for the mortgage bondholders, the Chambersburg Trust Company, suffice it to say that the sale of the property was in no sense a foreclosure of the mortgage, but an absolute sale of certain rights in the property, reaching as far as the lien of the mortgage in question, under the equity power of the court, on motion of interested parties, with a view of subserving their interests and for a division of its proceeds amongst the creditors. The sale rested entirely on the order of the bankruptcy court, whose officers executed and carried it into effect, receipting likewise for the proceeds. The court's officer will also be permitted to pay the avails of the security directly to the bondholders, entirely disregarding the trustee named in the mortgage.

The exceptions are overruled, and the report of the referee, with its findings, conclusions, and orders, are affirmed.