378    APPELLATE COURTS OF ILLINOIS.

New Netherland Bank of N. Y. v. Harris et al., 233 Ill. App. 378.

## New Netherland Bank of New York, Appellant, v. Albert Harris and Isaac Cohen, Copartners, Trading as Albert Harris & Cohen, Appellees.

### Gen. No. 28,740.

1. BANKRUPTCY—*burden of proof that schedule included debts in suit under defense of discharge in bankruptcy.* In an action to recover the amount of two trade acceptances which plaintiff discounted for a customer of defendants, to which defendants pleaded discharge in bankruptcy, it was incumbent upon defendants to show that the indebtedness represented by the trade acceptances was scheduled by them.

2. BANKRUPTCY—*sufficiency of evidence that debts in suit were scheduled under defense of discharge in bankruptcy.* Where discharge in bankruptcy was pleaded in an action on two trade acceptances given to a certain firm and discounted by plaintiff and defendants introduced in evidence their schedule filed in the bankruptcy proceeding naming such firm as a creditor on account of merchandise sold and delivered, at the end of which schedule they made affidavit that it contained a statement of all their debts, there was sufficient proof, at least prima facie, that the item referring to such firm included such trade acceptances, which were outstanding when the schedule was filed.

3. BANKRUPTCY—*when schedule includes trade acceptances not specifically mentioned.* Where defendants in an action on trade acceptances had no knowledge that the trade acceptances had been discounted by the creditor to whom they were delivered, and included all of their debts to such creditor in the schedule filed by them in bankruptcy, without specifically mentioning such acceptances, their discharge in bankruptcy was effective to relieve them from payment of such acceptances.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Judgment affirmed. Opinion filed June 25, 1924.

LEVINSON & HOFFMAN, for appellant; AVERN B. SCOLNIK and BEN ROTHBAUM, of counsel.

DAVID JETZINGER, for appellees.

MR. JUSTICE THOMSON delivered the opinion of the court.

The plaintiff brought this action in the Superior Court of Cook County to recover the amount of two trade acceptances which it had discounted for a customer of the defendants,—Carl Dernburg & Son, Inc., —each being for the sum of $700.00. The issues were submitted to the trial court without a jury, resulting in a finding for the defendants and a judgment against the plaintiff for costs, to reverse which the plaintiff has perfected this appeal.

It appeared from the evidence that the plaintiff was a New York Bank and the defendants were engaged in the fur business in the City of Chicago. The defendants did business with Carl Dernburg & Son, Inc., of New York, with which firm the defendants had an open account. During the month of April, 1921, the defendants executed and delivered the two trade acceptances involved in the case at bar to Carl Dernburg & Son, Inc. One was due five months after date and the other six months after date. About the middle of May, Carl Dernburg & Son discounted these two trade acceptances with the plaintiff bank, with which this firm maintained its bank account. Later in the month of May, an involuntary petition in bankruptcy was filed against the defendants in Chicago. In due time, the defendants filed their schedules in bankruptcy, wherein they listed among their creditors "C. Dernburg & Son," stating that the nature and consideration of their debt was "merchandise sold and delivered" and that its amount was $4,120.50. This information was given in schedule A (3), which listed the creditors whose claims were unsecured. This schedule contains a column, at the top of which appears the following, "Nature and consideration of the debt and whether any judgment, bond, bill of exchange, promissory note, etc., and whether contracted as partner or joint contractor with any other person, and if so, with whom." Under that column the only

information given in the schedule, with reference to this item, read, "merchandise sold and delivered." No mention was made of either of the trade acceptances and no mention was of course made of the plaintiff bank. Early in June, in the course of the bankruptcy proceedings, the defendants filed their petition, offering terms of composition to their creditors and early in August the district court confirmed this composition.

The plaintiff had no information regarding the bankruptcy proceedings involved, until some time in October, 1921. After the plaintiff had brought this action against the defendants on the two trade acceptances, it filed a petition in the bankruptcy proceedings, in the district court, seeking to vacate the order affirming the composition with the creditors, in so far as the plaintiff was concerned. Subsequently, that petition was withdrawn. In January, 1922, the defendants amended their schedule A (3), in the bankruptcy proceedings, naming the plaintiff as one of its creditors and giving the two trade acceptances as the nature and consideration of their debt.

In our opiinon the trial court correctly held that the order of discharge, which had been entered in the district court in connection with the bankruptcy proceedings involving the defendants, had the effect of discharging the defendants from all obligation on the trade acceptances here sued upon by the plaintiff bank, although the bank had not received notice of the bankruptcy proceedings prior to the filing of the petition for composition, nor until after the district court had entered an order confirming that composition.

The fact that the schedule filed by the defendants failed to mention the trade acceptances, but referred to the defendant's indebtedness to Dernburg & Son as an open account, for merchandise sold and delivered, does not prevent the order of discharge ultimately entered in the bankruptcy proceedings from having the effect of relieving the defendants from the

payment of all their account with Dernburg & Son, including that represented by the trade acceptances. *Matteson v. Dewar,* 146 Ill. App. 523.

In our opinion, the record does not support the contention of the complainant to the effect that the trade acceptances were not covered by any item shown by the defendants in their schedule. In support of their plea setting up their discharge in bankruptcy, in defense of the action brought by the plaintiff on these trade acceptances, it was incumbent upon the defendants to show that the indebtedness represented by the trade acceptances was scheduled by them. They introduced in evidence their schedule A (3) containing the item already referred to, naming Dernburg & Son as their creditor on an account for merchandise sold and delivered to the extent of $4120.50. At the end of their schedule A (3) they made affidavit to the effect that such schedule contained a statement of all their debts. This was sufficient proof, at least prima facie, to the effect that the item referring to Dernburg & Son included these trade acceptances, which were outstanding at the time the schedule was filed.

The chief contention of the plaintiff in support of its appeal is to the effect that it was incumbent upon the defendants to show that they used due diligence in the preparation of their schedules in ascertaining who their creditors were, in their bankruptcy proceedings; that when they executed and issued these trade acceptances, they were charged with notice of the fact that they might be negotiated by Carl Dernburg & Son, to which firm they were delivered, and that before they filed their schedules in bankruptcy it was incumbent upon them to use due diligence to ascertain whether these trade acceptances were still in the hands of the firm to which they had been delivered, or whether that firm had negotiated them; and in the light of such investigation, it is contended that it was incumbent upon the defendants, in preparing and filing their bankruptcy schedules, to ascertain who were then the hold-

ers of the trade acceptances and to name such holders as their creditors, and that merely having named Dernburg & Son as a creditor, without any effort to ascertain whether the trade acceptances had been negotiated by them, and if so, who then held them, the defendants failed to make such showing as was necessary to support their plea of discharge in bankruptcy. In support of this contention the plaintiff has called our attention to several authorities, of which the one nearest in point is *Irving Nat. Bank of New York v. New York Fibre Co., Inc.*, 203 App. Div. (N. Y.) 888, 196 N. Y. Supp. 933. The case cited may be distinguished from the case at bar for it appears that in that case the original creditor of the bankrupt was the Brodsky Company, on an account for goods sold and delivered and that the Brodsky Company held certain trade acceptances executed by the bankrupt and negotiated them prior to their maturity at the plaintiff bank. In connection with the bankruptcy proceedings involving the debtor, the debt in question was scheduled as that of the Brodsky Company. Apparently the bank obtained knowledge of the bankruptcy proceedings and filed proof of its claim, and in the opinion filed in the trial court, which was not reported, copy of which has been furnished us by counsel, reference was made to the fact that after the bankrupt had notice that its trade acceptances were no longer held by the Brodsky Company, but belonged to the plaintiff bank, it took no steps to amend its schedule, and permitted a dividend, properly belonging to the plaintiff bank, to be paid to the Brodsky Company, and the court remarked that the course pursued by the bankrupt, "reflects upon the good faith of the defendant (bankrupt) in the whole matter." No charge of bad faith is made in the case at bar. When the defendants became aware of the fact that the plaintiff bank held these trade acceptances, it amended its schedules and named the bank as its creditor for "trade acceptances discounted by C. Dernburg & Son, Inc. $1448.46."

Section 7 of the Bankruptcy Act makes it the duty of a bankrupt to make oath and file in court "a schedule * * * and a list of his creditors, showing their residences, if known; if unknown, that fact to be stated * * *." The third subsection of section 17 of the Bankruptcy Act excepts from discharge, debts of the bankrupt which "have not been duly scheduled, in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." It was stated by the court in *Morency v. Landry*, 79 N. H. 305, which involved the claim of an assignee of a judgment which had been obtained on a note of the bankrupts, that "the provision of the Bankruptcy Act, requiring the scheduling of the names of creditors 'if known,' plainly implies that one who has become a creditor without the knowledge of the bankrupt cannot complain because the claim is not scheduled as owing to him." We know of no provision in the Bankruptcy Law, and none has been pointed out by counsel, requiring the bankrupt to include in his list of creditors any holder of negotiable paper issued by the bankrupt who is unknown to the bankrupt. Nor is there any provision of the law requiring the bankrupt to make any investigation to ascertain whether creditors, to whom the bankrupt may have delivered negotiable paper, have in fact negotiated it. Where the bankrupt schedules the name of its creditor, to whom it has issued a trade acceptance or other negotiable paper, the debt and creditor represented by that paper must be held to have been properly scheduled, even if it may afterward appear that the creditor has negotiated the paper, unless it should also appear that the latter fact was known to the bankrupt at the time the schedules were filed. Both defendants in the case at bar testified that they had no knowledge of the negotiation of these trade acceptances until demand for payment was made by the plaintiff bank at the maturity of those acceptances.

For the reasons stated we are of the opinion that the debt represented by the trade acceptances sued upon was scheduled by the bankrupt, as required by the Bankruptcy Act, and that, therefore, their discharge in bankruptcy was effective to relieve them from the payment of the trade acceptances, as held by the trial court. The judgment appealed from is therefore affirmed.

*Judgment affirmed.*

O'CONNOR, P. J. and TAYLOR, J. concur.