480

## H. S. Vandervoort, Plaintiff in Error, v. John T. Flaherty, Defendant in Error.

### Gen. No. 33,656.

Opinion filed May 14, 1930.

Loyal L. Smith, for plaintiff in error.

Edmond W. Pottle and J. Glen Jacobs, for defendant in error.

Mr. Justice Ryner delivered the opinion of the court.

This proceeding is a writ of error to review an order of the municipal court of Chicago. On January 4, 1927, the plaintiff obtained a default judgment, in a suit upon a promissory note, in the sum of $1,731.05, against the defendant. Garnishment proceedings were instituted against certain parties.

On July 9, 1927, the defendant filed his verified petition in which he set forth that he was a resident of the City of Dallas, Texas, that he had been adjudicated a bankrupt in the United States District Court, held in the City of Dallas, on January 31, 1927, and that on June 14, 1927, he was duly discharged from liability on his debts and claims, existing on January 31, 1927.

Upon the trial, counsel for the defendant put in documentary evidence as follows:

1. The petition of the defendant which had been filed in the trial court, alleging his discharge in bankruptcy, and praying for the discharge of the garnishees and for a perpetual stay of the collection of the judgment.

2. A certified copy of a part of the schedule in bankruptcy, listing the judgment of the plaintiff.

3. A certified copy of the order adjudicating the defendant to be a bankrupt.

4. A certified copy of the order of discharge in bankruptcy. The order is in the usual form, discharging the defendant from all debts and claims provable against his estate, ''except such debts as are by law excepted from the operation of a discharge in bankruptcy.''

5. A certified copy of the objections to the discharge of the defendant's debt to him, filed by the

plaintiff in the bankruptcy proceeding. They charge that during the years 1920 and 1921 the defendant misappropriated, embezzled and applied to his individual use, moneys of the Flaherty Candy Company, of which he was president, treasurer and business manager, as evidenced by checks totaling the sum of $2,842.12; that upon discovery of the defalcation the defendant was desirous of making an amicable adjustment and that the plaintiff, as a creditor of the defendant, accepted the note of the defendant for $1,421.06, which was reduced to judgment, without waiving any legal rights and upon condition that the note be paid at maturity. In what manner, if any, the plaintiff was defrauded, it is not made to appear.

6. The opinion and order of the judge who presided in the bankruptcy proceeding, reciting that the referee had failed to advise the court of the filing of objections, and directing that the order of discharge, previously entered, should stand.

The foregoing is all of the evidence offered or received on the trial. The trial court entered an order granting a perpetual stay of execution of the judgment obtained by the plaintiff.

The copies of the objections to the discharge of the bankrupt and the opinion and order of the judge of the United States Court, although admitted without any objection being made as to their competency, possess no evidentiary value other than to show that the order of discharge was made final and that the plaintiff had knowledge of and participated in the bankruptcy proceedings.

The principal contention of counsel for the plaintiff is that the order of discharge was conditional and that the burden rested upon the defendant to show that the plaintiff's claim represented a debt of such a character as to render it exempt from the operation of a discharge in bankruptcy. With this contention we cannot agree. The plaintiff's judgment was the result

of a suit in assumpsit upon a promissory note. Furthermore there is no evidence in the record showing, or tending to show, that the defendant perpetrated any fraud or tortious wrong, of any character, upon the plaintiff.

As to the burden of proof, we are of the opinion that, from the mere fact that a person has his business affairs administered in a court of bankruptcy, no presumption arises that he has committed any fraudulent acts. The rule, as laid down by the Supreme Court of this State, where the defense of a discharge in bankruptcy is interposed, places the burden upon the party charging fraudulent or other illegal acts to prove them. *Van Norman v. Young,* 228 Ill. 425. There the court said:

"The court instructed the jury that the burden of proof was upon the plaintiffs in error to show that their debt from defendant in error was not barred by his discharge in bankruptcy. The authorities upon the question as to where rests the burden of proof in such case are not in entire harmony. We think, however, the better rule is that a discharge in bankruptcy is presumed to cover all the debts of the bankrupt, and that the introduction in evidence by the bankrupt, when sued, of a certified copy of the order of discharge, or other proof of his discharge in bankruptcy, is *prima facie* a bar to the claim sued on, and that the burden of proof is upon the plaintiff to show that the claim sued on is not within the terms of the bankrupt's discharge. (Collier on Bankruptcy, p. 174; Brandenburg on Bankruptcy, sec. 433.) In *Sherwood v. Mitchell,* 4 Denio 435, it is said: 'The discharge is presumptive evidence of all the facts asserted in it, and is conclusive until overthrown by evidence of some fraud which by the act avoids it. Debts arising out of a violation of an official or private trust are not affected by it unless the creditor chooses to prove the demand under the bankruptcy. The discharge, it is true, is general

in its terms, and *prima facie* is a discharge of the bankrupt from all his debts. But the creditor may, notwithstanding, show that his debt is of the excepted class. The *onus*, however, is on him, and if he fails to make the proof the debt will be taken to be one of an ordinary character.' "

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

WILSON, P. J., concurs,
HOLDOM, J., not participating.