## In re KING.

## No. 1524.

District Court, N. D. West Virginia.

Aug. 19, 1930.

See, also, 46 F.(2d) 112.

The opinion of Referee Strother is as follows:

Cyrus C. King was adjudicated a bankrupt on the 8th day of December, 1927, and referred to the aforesaid referee for administration. At the date of the adjudication of said bankrupt, the Federal Land Bank of Baltimore held a mortgage in its favor on a certain tract or parcel of land situate in Collins Settlement, Magisterial district, Lewis county, W. Va., containing 113.07 acres, more or less. The appraisement of this property by the appraisers of the bankrupt estate placed a value on this property considerably in excess of the amount of the Federal Land Bank of Baltimore's mortgage; hence the trustee of this estate was authorized to make sale of this property, and said property sold for an amount less than the amount of the Federal Land Bank of Baltimore's mortgage. The said Federal Land Bank of Baltimore appeared by counsel and objected to the confirmation of said sale for the reason that it did not bring sufficient amount to cover its mortgage, which objection was overruled by order entered in this bankruptcy cause on the 20th day of November, A. D. 1928, and this order was certified to the Honorable William E. Baker, Judge of the United States District Court for the Northern District of West Virginia, for review, and the order of confirmation heretofore entered was confirmed by the District Court by order entered by said District Court on the 9th day of April, 1929. Therefore it was evident that it was proper to dispose of the property in this bankruptcy proceeding.

Now this matter comes on to be considered as to the allowance and allocation of costs. The total amount of costs in this proceeding for the distribution of all of the properties and assets of the bankrupt was $494.14; there was a general fund of $218.-20, which should be first applied on the costs, leaving a balance of costs to the amount of $275.94, which is to be allocated among the lien creditors. A calculation of the proportionate shares of costs discloses that there should be allocated to the amount of the property sold which was covered by a mortgage of the Federal Land Bank of Baltimore the amount of $250.17.

An examination of the authorities as to costs seems apparently well settled as to the proposition that, where there is a general fund in a bankruptcy case, that general fund must be exhausted before any part of the fund derived from the sale of property covered by liens should be used. In this case the referee is of the opinion that the general fund should first be used for the payment of costs and that there should be allocated among the funds derived from the sale of the properties

covered by the liens. This proposition seems to be well settled in a comparatively recent case of Virginia Securities Corporation v. Patrick Orchards, Inc., et al., reported in 20 F.(2d.) 78, 81, 10 Am. B. R. (N. S.) at page 113, and, at page 118 of the opinion of this case, the Fourth Circuit Court of Appeals has this to say on the question of costs: "The general rule with regard to the expenses of foreclosure and administration in bankruptcy is to pay such expenses out of the general estate, if there is one, rather than out of the fund derived from the sale of mortgage or lien property; but where there is no general fund, as was the case here, or where the expense has been incurred wholly for the benefit and the advantage of the mortgaged property, as also is the case here, such expenditure is properly chargeable against it, and particularly is this true where the mortgage or lien creditor voluntarily chooses to avail himself of the administrative functions of the court in bankruptcy to realize on his security. This question has been so fully covered by previous decisions of this and other courts that we deem it unnecessary to do more than refer to some of the cases. See In re Barber (D. C. Minn.) 3 Am. B. R. 306, 97 F. 547; In re Torchia (D. C. Pa.) 26 Am. B. R. 188, 185 F. 576; Id. (C. C. A. 3d Cir.) 26 Am. B. R. 579, 188 F. 207; In re Chambersburg Silk Mfg. Co. (D. C. Pa.) 26 Am. B. R. 107, 190 F. 411; In re West (D. C. Pa.) [253 F. 963], 42 Am. B. R. 341; [Id. (D. C.)] 232 F. 903; In re Rauch (D. C. Va.) 36 Am. B. R. 75, 226 F. 982; The Bethulia (D. C. Mass.) 200 F. 879; Gugel v. Bank (C. C. A. 5th Cir.) 39 Am. B. R. 160, 239 F. 676."

The Fourth Circuit Court of Appeals in this case lays down the proposition that the general estate should bear the expenses and costs, if there be one, and, if there be no general fund, as in that case, where the expenses were for the benefit of the mortgaged property, it would be proper to charge the expense or costs to the mortgaged property. The case at bar is a much stronger one than the one just above cited and quoted from, as to the allowance of costs out of the funds derived from the sale of property covered by mortgages, in that in the case just cited there was no general fund or estate out of which to pay costs, and the court held that it should come out of the funds derived from the sale of the mortgaged property, and in the case at bar there was a general fund which should be used on the payment of costs of the bankruptcy proceeding, and, after the general

fund has been exhausted, there should be an allocation of the residue of the costs from the funds derived from the sale of the mortgaged property.

It must also be observed that, by reason of the fact that a foreclosure of the mortgage of the Federal Land Bank of Baltimore would necessitate a chancery proceeding in the state courts of West Virginia, the attorneys' fees, court costs, and the special commissioner and publication fees would undoubtedly exceed the amount that was allocated to be paid from the funds derived from the property covered by the Federal Land Bank of Baltimore's mortgage after the general fund or estate had been exhausted in the payment of costs, and certainly the Federal Land Bank of Baltimore could not complain if the administration of their part in the estate of which they had a mortgage, by way of costs, did not exceed that incurred by a proceeding which it would have to resort to, to bring about a foreclosure of its mortgage.

I see no other fair way of proportioning the costs of this proceeding than has hereinbefore been expressed; hence there may be an order entered, as to costs, accordingly.

### Addenda to Opinion.

Since arriving at the conclusion hereinbefore expressed in this bankruptcy proceeding, the Federal Land Bank of Baltimore has filed its petition for review as to the allowance of costs. It will be observed from this petition that there is no objection to the allowance of taxes as was proportioned against the various properties of this estate. I desire to call attention to the fact that the petition for review, at the bottom of page 2, in part, says: "Said general estate must bear the cost of said administration, including the sale of land mortgaged to the petitioner."

The referee has not, nor does not, dispute that proposition, in that the general fund of the estate should bear the expenses of the administration, including land mortgaged by the petitioner. The order entered May 6, 1930, for which the petitioner is asking a review, fully discloses that the general fund of this estate was wholly exhausted as to costs to pay for the administration of all properties, including that of the mortgaged property of the petitioner, and, after that general fund was exhausted, then the residue of costs was allocated among the lienholders of mortgaged properties of the bankrupt. And hence, from a reading of the petition for a review, there seems to be no reason assigned that would change the referee's opinion as to

the allocation of the costs in the order of May 6, 1930, but, on the contrary, would confirm said opinion as hereinbefore expressed.

I. P. Whitehead, of Baltimore, Md., for Federal Land Bank.

Linn Mapel Brannon, Trustee, of Weston, W. Va., in pro. per.

BAKER, District Judge.

Ray L. Strother, referee in bankruptcy, before whom this proceeding is pending, this day presenting his certificate of review, upon the petition of the Federal Land Bank of Baltimore, of his order entered herein on May 6, 1930, together with his written opinion upon the errors complained of by said Land Bank and other papers filed before him in reference to said review, it is ordered that said certificate of review and said written opinion be and they are hereby filed.

Upon consideration of the question certified to the court upon said petition for review and for the reasons set out in said referee's written opinion, it is ordered that the said referee's order entered herein on May 6, 1930, be and the same is hereby in all respects ratified and confirmed.

All proper exceptions by the Federal Land Bank of Baltimore to the entry of this order are saved to it.