B. H. Molner, Assignee, Plaintiff-Appellant, v. Matthew J. Skrentny, Defendant-Appellee.

Gen. No. 45,552.

Opinion filed March 19, 1952. Released for publication April 25, 1952.

CAPLOW & KELLEY, of Chicago, for appellant; C. A. CAPLOW, and R. P. KENO, both of Chicago, of counsel.

ROMAN E. POSANSKI, and HOMER V. JOHANNSEN, both of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action upon a judgment revived in plaintiff's favor in 1942. Defendant, among other defenses, set up his discharge in bankruptcy and issue was joined on this defense. The court found for the defendant and entered judgment accordingly. Plaintiff has appealed.

On March 15, 1934, judgment for $14,463 was entered in the superior court of Cook county in favor of Pelka, receiver for the Brighton Park State Bank, and against defendant. The judgment on July 2, 1940 had been paid down to $1,435.82. That day the judgment was assigned to plaintiff. On November 22, 1940 execution issued bearing an indorsement of the assignment. On December 6, 1940 defendant responded to the writ by filing a debtor's schedule.

On March 16, 1942 plaintiff, as assignee, sued to revive the judgment. A *scire facias* writ issued, also bearing an indorsement of the assignment to plaintiff. The writ was served March 17, 1942 but defendant failed to appear. Judgment was revived in plaintiff's favor on May 4, 1942 in the amount of $1,285.93.

On April 1, 1942, after service of the writ but before entry of the judgment in the revival suit, defendant filed his petition in bankruptcy. He listed Pelka, the original judgment creditor, as judgment creditor in the amount of $22,463. Plaintiff was not listed as a creditor. The judgment as revived was not listed and plaintiff was not notified of the bankruptcy proceedings. On December 11, 1942 defendant was discharged in bankruptcy.

On May 16, 1949 defendant filed a petition in the United States District Court seeking to restrain the collection by plaintiff of the revived judgment. The

374

petition was referred to a referee in bankruptcy, who, on November 28, 1949 after a hearing, found that the judgment revived in plaintiff's favor on May 5, 1942 was not discharged under the order of December 11, 1942, and entered an order accordingly. On defendant's petition to review, the referee on January 10, 1950 certified the question to the district court. On March 15, 1950 the district court issued a "memorandum" sustaining defendant's objections to the order of the referee. Plaintiff appealed and the United States Court of Appeals dismissed his appeal on the ground that there had been no order entered from which the appeal would lie. *In re Skrentny*, 184 F. (2d) 857.

The parties stipulated to these facts and agreed that the trial court's finding and judgment should be based on these facts. The question is whether the trial court erred in deciding as a matter of law that the defendant sustained the defense of discharge in bankruptcy.

██ ██ The plea of discharge in bankruptcy is an affirmative defense, the burden of proving which rested on defendant and was met prima facie by introduction into evidence of the order of discharge. *VanNorman v. Young*, 228 Ill. 425, 430; *Woerter v. David*, 311 Ill. App. 595, 599; *New Netherland Bank of New York v. Harris*, 233 Ill. App. 378, 381. Plaintiff then had the burden of showing that his claim was not embraced in the order. *VanNorman v. Young*, 228 Ill. 425, 430; *Gochenour v. Griever*, 295 Ill. App. 366, 370. This was done by introducing in evidence the order of the referee that the plaintiff's claim was not discharged because improperly scheduled. Defendant sought to overcome this order by introducing the "memorandum" of the district court. Plaintiff then introduced the decision of the United States Court of Appeals.

██ The record shows no final order of the district court on review of the referee's order. There stands the order of the referee that plaintiff's claim was not

within the order of discharge. Under these circumstances, plaintiff has overcome the affirmative defense of bankruptcy. No other defense was relied upon to meet plaintiff's suit. The trial court erred in deciding that plaintiff's suit was barred by the discharge in bankruptcy.

The judgment for defendant is reversed and the cause remanded with direction to enter judgment for plaintiff.

*Judgment reversed and cause remanded with direction to enter judgment for plaintiff.*

LEWE and FEINBERG, JJ., concur.