MACKAY et al. v. RANDOLPH MACON COAL CO. et al. (two cases).

(Circuit Court of Appeals, Eighth Circuit.   May 4, 1910.)

Nos. 3,059, 3,060.

1. ACTION (§ 13*)—PERSONS ENTITLED TO SUE—ACTION ON CONTRACT.

Who may maintain a suit is a matter of law, not subject to be controlled by the conventions of parties; and the parties to a contract cannot confer on a third party the naked right to sue thereon.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 76; Dec. Dig. § 13.*]

2. CORPORATIONS (§ 479*)—FORECLOSURE OF CORPORATION MORTGAGE BY TRUSTEE—DEFICIENCY DECREE—MERGER OF CAUSE OF ACTION ON BOND.

The trustee in a corporate mortgage securing bonds, who is neither the owner nor payee of the bonds, cannot maintain an action at law thereon, and the bonds are not merged in a deficiency judgment taken by him against the corporation in a suit to foreclose the mortgage.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1872; Dec. Dig. § 479.*]

3. BANKRUPTCY (§ 331*)—PERSONS ENTITLED TO PROVE CLAIMS—BONDS OF CORPORATION—PROOF BY MORTGAGE TRUSTEE OF DEFICIENCY DECREE.

A bankrupt corporation had issued and sold bonds secured by mortgage to a trustee on all its property. The mortgage authorized the trustee to resort to any appropriate proceedings, legal or equitable, for the enforcement of the mortgage or bonds "against or with reference to any property which is or may become security for the payment of the bonds," or against the company to collect and recover for the owners of the bonds the principal and interest due thereon, but contained a waiver of any right of the bondholders or trustee to recover from the officers or stockholders of the company. It further provided that any remedy thereby conferred on the trustee or the holder of any bond should be cumulative and in addition to every other remedy given or existing at law or in equity, or by statute.   Prior to the bankruptcy the trustee brought suit to foreclose the mortgage, sold the property, and took a deficiency decree, which it proved as a debt against the estate in bankruptcy; that being the only claim proved.   The trustee in bankruptcy commenced a suit in another state against the stockholders, who were also the officers and promoters of the corporation, to recover on unpaid subscriptions, claiming that the stock was issued without consideration, and also that fraudulent representations were made by the defendants to the bondholders when they purchased the bonds.   Held, that the cause of action arising on the bonds was not merged in the deficiency decree taken by the trustee, such right of action being in the bondholders, and that since the trustee in bankruptcy in his suit against the stockholders had no higher right than the creditors he represented, and the right of the mortgage trustee to maintain such a suit in behalf of the bondholders was doubtful, the bondholders were entitled to prove the bonds directly in their own names as debts of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 520; Dec. Dig. § 331.*]

Adams, Circuit Judge, dissenting.

Appeals from the District Court of the United States for the Eastern District of Missouri.

In the matter of the Randolph Macon Coal Company, bankrupt. From an order of the District Court, appeals were taken by Donald Mackay and others and by Donald Mackay. Latham A. Fish, George

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

D. Mackay, George Trowbridge Hollister, and Frederick W. Kendrick, composing the firm of Mackay & Co. Reversed.

The Randolph Macon Coal Company was organized in the month of January, 1905, under the laws of Missouri. Its incorporators were owners of coal properties in that state for which they claimed to have paid $1,600,000. They entered into a so-called promoters' agreement providing for the organization of the corporation with a capital stock of $5,000,000 and an issue of $3,000,000 of bonds secured by a mortgage on all its property. By this agreement $1,800,000 of these bonds and the entire capital stock of the corporation were to be turned over to the promoters in exchange for their coal properties. The agreement was carried out. The Central Trust Company of New York was the trustee in the mortgage, and the bonds were sold in the open market at the price of 90 cents on the dollar. After a career of two years the corporation was, on March 26, 1907, adjudged a bankrupt in the United States District Court for the Eastern District of Missouri. Previous to that date it had made default in the payment of interest on its bonds, and the trustee had brought suit in the Circuit Court of the United States for the Eastern District of Missouri to foreclose the mortgage. The bill asked, not only for the sale of the mortgaged property to satisfy the principal and interest of the bonds, but also for a deficiency judgment in case the proceeds of the sale should be insufficient to pay the amount due. At the foreclosure sale the entire property brought only $100,000. After proper application of this sum there was found due to the complainant the sum of $2,236,566.32, and a deficiency decree for that amount was entered. Thereafter the Central Trust Company, as trustee under the mortgage, presented this deficiency decree to the referee in bankruptcy as a claim against the estate, and the same was duly allowed. The holders of the bonds claimed that they were induced to purchase them by the gross frauds of the principal stockholders of the corporation, who were also its officers and the promoters who secured its organization. The trustee in bankruptcy, claiming that the $5,000,000 of corporate stock was issued without consideration, brought a suit in the Circuit Court of the United States for the Southern District of New York against the stockholders to recover the par value thereof as an unpaid subscription. The only claim proven in bankruptcy is the deficiency decree, and the trustee in bankruptcy would, of course, have no higher right than the holder of that claim. Being apprehensive that the trustee under the mortgage might not be a "creditor" of the corporation who would be entitled to maintain the suit against stockholders for their unpaid subscriptions, holders of the bonds secured by the mortgage made due proof of the same before the referee, and asked that they be allowed as claims against the estate. The referee, being of the opinion that the bonds had been merged in the deficiency judgment, disallowed the claims, and his ruling was affirmed on appeal to the District Court. The bondholders seek a review of that action by the present appeal.

Charles A. Boston (Lloyd L. Adams, on the brief), for appellants.
P. Taylor Bryan (Harvey L. Christie, on the brief), for appellees.
Edward C. Eliot, for Trust Company.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge (after stating the facts as above). To explain the question raised by the appeal it will be necessary to set forth the provisions of the bonds and mortgage. The bonds are for $1,000 each, and are payable to bearer. They contain the following provision:

"This bond * * * is entitled to all the benefits, and is subject to all the provisions, of the said mortgage as if the same were herein fully recited."

The mortgage contains a covenant binding the mortgagor to pay to the owners or holders of the bonds the principal and interest thereof in full. In case of default the trustee is authorized, upon certain terms which it is not necessary to recite, to declare the whole sum secured immediately due and payable, "and thereupon the trustee, and the holders or owners of said bonds, shall have all the rights and privileges which it and they would *respectively* have upon the final maturity of the said bonds. and without prejudice or diminution of any other right or privilege secured to the trustee, or to any holder or owner of said bonds. by the said bonds, or by this mortgage." Article 15 of the mortgage authorizes the trustee to resort to "any appropriate proceedings. legal or equitable, for the maintenance, foreclosure. enforcement or satisfaction of the mortgage, or of the bonds secured thereby, *against or with reference to any property* which is or may become security for the payment of the bonds, or subject to the trust." It then declares that the trustee "* * * may proceed in any other manner. whether by action at law or suit in equity, or otherwise, against the company, * * * to collect and recover for the owners and holders of the bonds secured thereby, the principal and interest thereof in full, according to their tenor."

The mortgage also contains the following provision:

"Except as herein otherwise expressly provided, any remedy herein conferred upon the trustees, or the holder of any bond secured hereby, is not intended to be exclusive of any other remedy: but each and every such remedy shall be cumulative and in addition to every other remedy given hereunder or existing at law, in equity, or by statute."

Article 22 of the mortgage is a carefully drawn waiver of any right of the bondholders or the trustee under the mortgage to recover against the officers or stockholders of the corporation.

It is conceded that the trustee in bankruptcy in his suit against the stockholders has no higher or better right than that possessed by the creditors whose claims have been proven and allowed against the bankrupt estate; but the learned referee and trial court were of the opinion that the trustee in the mortgage fully represented the bondholders and that the proven claim for the deficiency decree conferred upon the trustee in bankruptcy every right which he would obtain from the allowance of the claims on the bonds. The appellant bondholders on the contrary insist that they occupy a position more favorable than the trustee under the mortgage, first, because of certain fraudulent representations that were made to them at the time they purchased the bonds; second, because they are not parties to the mortgage, and are, therefore, not bound in the same sense as the trustee by the waiver of the stockholders' liability contained in the twenty-second article above quoted; third, they claim that they are direct creditors of the corporation, whereas the trustee at most is a creditor only in a representative capacity; fourth, they also contend that it might reasonably be held in the suit against the stockholders that the trustee under the mortgage is confined to enforcing and protecting its security, and has no right to assert or enforce the personal liability of the corporation upon its bonds; fifth, that the deficiency judgment. if valid, must rest upon the covenant in the mortgage for the payment of the bonds, and not

upon the bonds themselves, and for this reason the bonds constitute a wholly independent cause of action, which was not merged in the deficiency judgment.

It is manifest that the appeal turns mainly upon the question whether the cause of action arising out of the bonds was merged in the deficiency decree. Both merger and res adjudicata lie in the same field. They are not, however, identical. A point may become res adjudicata as to one cause of action in a suit upon an entirely independent cause of action between the same parties if it has been there directly litigated. Merger, on the contrary, cannot result unless the causes of action in the two suits are identical.

The foreclosure suit in which the deficiency decree was taken has this distinctive feature: The trustee under the mortgage was not the owner or holder of the bonds which it secured. In the ordinary foreclosure the mortgagee and the payee of the debt are the same. In such a case the person entitled to the decree on foreclosure is likewise entitled to a judgment at law upon the note or bond, and the court of equity in which suit is brought to foreclose the mortgage may, for the purpose of giving full relief, grant a deficiency decree, instead of turning the plaintiff over to an action at law. It was such a situation as this that gave rise to the adoption of the ninety-second equity rule. Noonan v. Lee, 2 Black, 499, 17 L. Ed. 278, and Orchard v. Hughes, 1 Wall. 73, 17 L. Ed. 560. Both these cases involved foreclosures in which the holder of the mortgage was also the holder of the debt which it secured. The rule was promulgated at the same term at which Orchard v. Hughes was decided (see 1 Wall. vii), and was intended to supply the power which a court of equity was held, in the two cases referred to, not to possess in the absence of a rule. When the mortgagee is also the holder of the note or bond which it secures, the deficiency judgment will be referred to the bond or note as its cause of action, and will bar any subsequent action thereon. Witter v. Neeves, 78 Wis. 547, 47 N. W. 938. In the present case the trustee under the mortgage is neither the holder nor the payee of the bonds. It clearly could not have maintained an action at law for their collection. We are aware that the fifteenth article of the mortgage authorizes the trustee to collect and recover the principal and interest of the bonds for the owners and holders thereof. This may have reference to their collection by the enforcement of the security. If that is not its meaning, we are of the opinion that it could not confer upon the trustee the right to maintain an independent action upon the bonds. Who may maintain a suit is a matter of law, not subject to be controlled by the private conventions of parties. Hybart v. Parker, 4 C. B. (N. S.) 209; Evans v. Hooper, 1 Q. B. Div. 45.; Gray v. Pearson, L. R. 5 C. P. 568; Knorr v. Bates, 14 Misc. Rep. 501, 35 N. Y. Supp. 1060. Parties to a contract cannot confer upon a third party the naked right to sue thereon. Suits, whether under chancery or code practice, must be brought in the name of the real party in interest. The only exceptions to that rule here important are these: (1) The trustee of an express trust may maintain an action in his own name on behalf of the beneficiary. To come within this exception, however, the trustee must be the holder of the property or obligation out of which the

action arises. Here, as already pointed out, the trustee under the mortgage is not the holder of the bonds. (2) A person with whom or in whose name a contract is made for the benefit of another may maintain an action upon the contract. The trustee under the mortgage comes within this exception as to the security, but not as to the bonds, for they are not payable to the trustee. The deficiency decree, therefore, must be referred to the covenant in the mortgage, and, like the mortgage itself, is collateral to the bonds, and constitutes no bar to an action thereon. The debt underlying both is the same, but the promises are distinct and give rise to separate causes of action. This view finds added support in the provision contained in the twenty-third article of the mortgage that the remedies which it confers upon the trustee shall not be treated as exclusive of any right of the bondholders, but as cumulative. The case of Grant v. Winona, etc., S. W. R. R. Co., 85 Minn. 122, 89 N. W. 60, in apparent conflict, is explained partly by the peculiar provisions of the mortgage there involved. A statute of the state no doubt also had a bearing upon the decision. It provides that, in suits for the foreclosure of a mortgage, judgment shall be entered for the full amount of the debt which it secures, and that the proceeds of the sale shall be credited upon such judgment, and execution issue for the balance. Rev. Laws Minn. §§ 4488, 4491. The mortgage was taken subject to this statute. Laing v. Queen City Ry. Co. (Tex. Civ. App.) 49 S. W. 136, is based upon a similar statute of Texas.

As between the parties to the foreclosure suit, the deficiency decree is, of course, conclusive of every fact necessary to support the decree. It forecloses inquiry as to whether the court had authority to enter a deficiency judgment. Hatcher v. Hendrie, etc., Supply Co., 133 Fed. 267, 272, 68 C. C. A. 19. But the suit against the stockholders is not between the parties to the foreclosure action. It is pending in the state of New York. By the decisions of the highest court of that state it is doubtful whether a judgment against a corporation is more than prima facie evidence of the creditor's debt in a suit against stockholders. Cook on Corporations, §§ 209 and 224. If that should be the holding of the court in the action of the trustee in bankruptcy against the stockholders of this corporation, the defense would be open to them that the trustee under the mortgage had no right whatever except to enforce the security, and was in no sense a creditor of the corporation. The peculiar language of the covenant in the mortgage, to say the least, gives color to such a defense.

The principle of merger has its foundation mainly in the maxim: "Nemo debet bis vexari pro una et eadem causa." That maxim has no application to the facts of this case. No one could possibly be vexed by costs or litigation through the allowance of the bondholders' claims. No costs could accrue, and it was not necessary to summon any person to the hearing of the claims. Another reason that has guided courts in barring a second action for the same cause is that the judgment already entered affords to the plaintiff all the judicial aid that could be obtained from a second judgment. In the present case there is good reason for saying that the allowance of the bondholders' claims would furnish the trustee in bankruptcy a much better

basis than the deficiency decree for his suit against the stockholders. The claims could have been allowed without the possibility of injury to others. The referee had full power, both by his order and his subsequent control over the administration of the estate, to safeguard all interests from any prejudice from the allowance of both claims.

The whole case is, therefore, reduced simply to this: Should the court of bankruptcy have aided these creditors by removing one of the apprehended dangers from their pathway, when it could have done so, without the slightest cost or prejudice to any one? The reason of the rule which it thought deprived it of the power to grant the aid was wanting in this case, and we think the rule itself, even if otherwise applicable, should not have been enforced.

The decision is reversed, and the trial court is directed to proceed in accordance with the views here expressed.

ADAMS, Circuit Judge, dissents.