HETHERINGTON v. PALMER et al.

(Circuit Court of Appeals, Eighth Circuit.   December 2, 1919.)

No. 5410.

MORTGAGES ⬅594(1)—RIGHT OF REDEMPTION FROM FORECLOSURE SALE CANNOT
   BE EXERCISED BY STRANGER.
      The right to redeem from a foreclosure sale of property is a legal and not
   an equitable right, and under Mills' Ann. St. Colo. § 4248, limiting the
   right of redemption to the mortgagor, his heirs, executors, or administra-
   tors, an attempted redemption by a stranger, not shown to be acting for.
   the mortgagor, *held* ineffective.

· Appeal from the District Court of the United States for the District
of Colorado.

Suit in equity by E. G. Palmer, Public Trustee, against the Brant
Independent Mining Company. From an order allowing the Camp
Bird Mining, Leasing & Power Company to redeem from foreclosure
sale, George Hetherington, trustee, appeals.   Reversed.

J. G. Hutchison, of Kansas City, Mo. (M. J. Ostergard, of Kansas
City, Mo., and George Hetherington, of Gunnison, Colo., on the brief),
for appellant.

Dexter T. Sapp, of Gunnison, Colo., for appellee.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT,
District Judge.

CARLAND, Circuit Judge.   The appellant has appealed from an or-
der allowing the Camp Bird Mining, Leasing & Power Company, here-
after called Camp Bird Company, to redeem from a sale on mortgage
foreclosure.   The facts are as follows:

On September 19, 1917, the District Court, in an action wherein E.
G. Palmer, public trustee for Gunnison county, Colo., was plaintiff, and
the Brant Independent Mining Company, hereafter called Mining
Company, was defendant, entered a decree of foreclosure and sale
whereby certain real estate, mining claims, mining locations, water
rights, mill site, office building and furniture, assay office and instru-
ments, two bunkhouses, one stable and barn, wagons, horses, and
harness, mining and milling machinery, tools, and all other property,
real and personal of the Mining Company, was ordered sold at public
auction to the highest bidder at Gunnison county, Colo., as an entirety.
May 19, 1918, the special master appointed to make the sale reported
to the court that he had sold the above-described property to the
appellant on May 6, 1918, for the sum of $5,012.50.   On June 4, 1918,
the report of the special master was approved and confirmed.   On Oc-
tober 15, 1918, the special master made a supplemental report to the
court as follows:

"To the Honorable Robert E. Lewis, Judge of Said Court:

"I have to report that on the 14th day of October, 1918, the Camp Bird Min-
ing, Leasing & Power Company tendered and paid to me, as special master in
the above-entitled case, the sum of $5,188.48 as and for redemption by the

said company from the sale of the properties of the said defendant company made by me on the 6th day of May, 1918, and demanded that I, as such master, issue to it a certificate of redemption from said sale, which certificate was by me issued to said company.

"Thereupon I tendered the amount so paid to me to George Hetherington, trustee, who refused to accept said tender, and his specific reasons for said refusal are stated in extenso in an exhibit hereto attached.

"Thereupon I requested of Dexter T. Sapp, solicitor for the said Camp Bird Mining, Leasing & Power Company to withhold the record of said certificate until the parties hereto could be advised by the court in the premises.

"Thereupon said solicitor agreed to so withhold the record of said certificate until further order of the court.          Sprigg Shackleford, Special Master."

October 18, 1918, the Mining Company and appellant filed a petition in the District Court asking for an order restraining the Camp Bird Company from recording the certificate of redemption issued to it, as stated in the supplemental report of the special master, and also praying that the special master be directed and empowered to recall and cancel said certificate, for the reason that the Camp Bird Company had no right or authority to redeem from the sale made under the decree of foreclosure. October 31, 1918, the petition of the Mining Company was denied. The only right or authority by virtue of which the Camp Bird Company claimed a right to redeem was an agreement made and entered into May 21, 1914, by and between the Mining Company, "for convenience called lessor," and T. R. L. Daughtrey & Co., "for convenience called lessee." In this agreement the lessor leased to the lessee for the purpose of development and mining the following mining claims, Paonia, Morning Glory, London, Copper Sulphide, Protection, Option No. 1, Option No. 2, Option No. 3, Option Fraction, Contec Lode, or Winnie Fraction, and the northwest quarter of the northeast quarter of section 21, township 50 north, range 4, and all improvements and equipments on above claims and the ten-stamp mill located at Bowerman. The lease was for a period of 10 years beginning August 10, 1914. The lessee was given the right to assign the lease to a company to be incorporated for the purpose of taking over the lease and operating under it. The lease was assigned to the Camp Bird Company. It contained the following, among other provisions:

"It is expressly understood and agreed that the lessor reserves the property and right of property in and to all ores extracted from said premises during the period of this lease."

The agreement was an ordinary mining lease for the purpose of development, the consideration therefor being a royalty of the net profits. There were no words of grant conveying any interest in the property leased to the lessee. The Camp Bird Company was the owner of $44,100 of the bonds of the Mining Company secured by the mortgage which was foreclosed. The total amount of the bonds issued under the mortgage was $87,000. The Camp Bird Company was therefore the holder of a majority of the bonds. Being such holder it delivered the same and the coupons attached thereto to said E. G. Palmer, public trustee for Gunnison county, and demanded that he proceed forthwith to foreclose the mortgage. The trust deed or mortgage was executed and delivered on March 1, 1909, and recorded on March 10, 1909. The appellant bid the property in at the foreclosure sale as

trustee for the minority bondholders and stockholders. The Camp Bird Company was also a bidder at the foreclosure sale, but failed to bid as much as the appellant. The order denying the Mining Company's petition does not state the grounds upon which it was made. We find in the record, however, a memorandum opinion of the District Judge which gives the reasons which influenced him in making the order. The judge was clearly of the opinion that the Camp Bird Company as tenant was not given the right by the Colorado statute (section 3657, Rev. Stat. Colo. 1908) to redeem from the foreclosure sale in its own behalf, saying:

"The statute grants the right, and no one can exercise it who does not come within its terms. Conway v. John, 14 Colo. 30, 36 [23 Pac. 170]; Parker v. Dacres, 130 U. S. 43 [9 Sup. Ct. 433, 32 L. Ed. 848]; 11 Amer. Eng. Enc. Law, 232."

Mortgaged lands sold by the decree of a court of equity in Colorado are redeemable by the mortgagor, his heirs, executors, or administrators in the same manner prescribed for the redemption of lands sold by virtue of executions issued upon judgments at common law. Section 4248, Mills' Anno. Stat. Colo. 1912. The Camp Bird Company could not therefore redeem from the mortgage sale. The controversy below ought to have ended here, but the trial court at the hearing, on the suggestion of counsel for the Camp Bird Company, decided that it would treat the redemption as having been made by the Camp Bird Company for the mortgagor, the Mining Company. Up to the time the suggestion referred to was made by counsel there had been no pretense that the redemption had been made in the interest of any one but the Camp Bird Company. The report of the special master so stated, and the certificate of redemption was issued accordingly. The trial court had no authority or evidence upon which to base a decision that the redemption of the Camp Bird Company was in the interest of the mortgagor, even conceding that the Camp Bird Company could so act. There was no evidence that the Mining Company ever requested the Camp Bird Company to redeem from the sale and as the right to redeem was a personal privilege the Mining Company could not be compelled to exercise it. Notwithstanding the position taken by the court, it did not incorporate the result of its views into its order. The application of the Mining Company was simply denied. This left the certificate of redemption issued by the special master intact as a redemption by the Camp Bird Company in its own interest.

We decline to consider the question whether the Camp Bird Company could by virtue of its lease redeem from the foreclosure sale for the Mining Company, as there is no evidence that it ever did so. Appellant further contends that, as the mortgage property consisted of real and personal property sold in solido, the redemption statute does not apply; that the so-called lease was not a lease, but a mere license; that as the Camp Bird Company was only interested in a portion of the property it could not redeem. We do not consider these questions, for the reason that so far as the record shows the redemption of the Camp Bird Company was in its own interest, and it had no right under the statute to do so, and the trial court had no authority to hold the re-

262 F.—24

demption to be something that it was not. The right to redeem is a legal and not an equitable right.

The order appealed from is reversed, and the case remanded, with directions to the trial court to enter a decree canceling the pretended certificate of redemption. The appellant to recover costs of this proceeding.