### BRANT INDEPENDENT MIN. CO. v. PALMER.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1919.)

No. 5411.

CORPORATIONS ⬤➡479—TRUSTEE ON FORECLOSURE OF MORTGAGE NOT ENTITLED TO DEFICIENCY JUDGMENT.

A trustee in a corporation mortgage securing bonds, on foreclosure of the mortgage, is not entitled as such trustee to recover a deficiency judgment for the amount found due on the bonds over and above the proceeds of the sale, unless such right is given him by the mortgage.

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Suit in equity by E. G. Palmer, trustee, against the Brant Independent Mining Company. From a deficiency judgment, defendant appeals. Reversed.

J. G. Hutchison, of Kansas City, Mo. (M. J. Ostergard, of Kansas City, Mo., on the brief), for appellant.

Dexter T. Sapp, of Gunnison, Okl., for appellee.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

CARLAND, Circuit Judge. This appeal arises out of the same foreclosure as is mentioned in the case of George Hetherington, as Trustee, Appellant, v. E. G. Palmer et al., Appellees, 262 Fed. 367, —— C. C. A. ——, this day decided. It is from a deficiency judgment in the sum of $108,373, against the Brant Independent Mining Company in favor of Palmer as trustee. The judgment is the difference between the amount found due upon the bonds issued by the Mining Company, with interest and costs, less the amount received from the sale of the mortgage property. The decree of foreclosure found the amount due on the bonds. The plaintiff, Palmer, is the public trustee of Gunnison county, Colo., by virtue of his office as county treasurer. The public trustee of said county and the Pioneer Trust Company were the trustees named in the deed of trust. The Trust Company refused to act in the matter of foreclosure; hence the public trustee is the sole plaintiff. There was no allegation in the complaint, nor any adjudication, that the plaintiff had any interest in the bonds secured by the trust deed. The complaint contained no prayer for a deficiency judgment, but did contain a prayer for general relief and that the amount due upon the bonds be ascertained. On this record appellant contends that the deficiency judgment was unauthorized. We are of the opin-

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ion that the question presented is ruled adversely to the plaintiff by the decision of this court in Mackay v. Randolph Macon Coal Co., 178 Fed. 881, 102 C. C. A. 115. Section 271, Colo. Code, and equity rule 10 (198 Fed. xxi, 115 C. C. A. xxi), refer in our opinion to cases where the plaintiff is the owner of the debt secured, or where, in the instrument securing the debt, a right is given to him to recover the debt, as well as to foreclose the trust deed.

Deficiency judgment reversed.

STONE, Circuit Judge. I concur in the result and in the opinion, except for the final expression, "or where, in the instrument securing the debt a right is given him to recover the debt, as well as to foreclose the trust deed," unless this expression be limited ·to cases wherein the trustee occupies the legal position of a creditor of the mortgagor as to the unpaid balance. My reasons for this view are set forth in Rome Lane v. Equitable Trust Co. of New York, 262 Fed. 918, —— C. C. A. ——.