## In re UNITED STATES LEATHEROID & RUBBER CO.

(District Court, D. Massachusetts. January 17, 1923.)

No. 28779.

Bankruptcy ⬤⟳310—Mortgage bonds of corporation provable by holders and not by trustee.

Where mortgage bonds issued by bankrupt corporation are payable to the mortgage trustees, or to bearer, or to the registered holder, the provable debt is represented by the bonds, and not by the mortgage, and is not provable by the trustees, unless they are also holders of the bonds.

In Bankruptcy. In the matter of the United States Leatheroid & Rubber Company, bankrupt. On review of order of referee, disallowing claim of John E. Crowley and others, trustees. Affirmed.

Alfred W. Putnam, of Boston, Mass., for trustee in bankruptcy.
John E. Crowley, of Boston, Mass., for trustee creditors.

BREWSTER, District Judge. This is a petition for a review of an order disallowing the claim of John E. Crowley et al., as trustees for bondholders under a mortgage deed of trust given by the bankrupt to secure an issue of its bonds. The original mortgage or deed of trust was produced before the referee, but none of the bonds were presented with the proof. By virtue of a stipulation filed in these proceedings it was agreed that the value of the property covered by the mortgage, of which the trustees for bondholders are in possession, did not exceed $55,000, and that the aggregate amount of bonds issued and outstanding and secured by the mortgage was $84,100. The trustees for bondholders seek to prove, as creditors of the bankrupt, a claim for the excess of the amount of bonds issued and outstanding over agreed value of the security, or $29,100.

The mortgage contained the usual covenant, by which the bankrupt agreed with the trustees for bondholders to pay the principal and interest of the bonds according to their terms, and the trustees were given authority to proceed to enforce and protect the rights of bondholders "under the indenture by suit or suits in law or equity." The bonds in question did not contain the provisions, frequently appearing in mortgage bonds, to the effect that they are issued subject to the provisions of the mortgage deed of trust securing the same, but they were by their terms payable to the trustees first named in the mortgage, or to bearer, or to the registered holder. As none of the bonds secured by the mortgage were presented with the proof of claim, it may be assumed that all bonds are outstanding and payable to bearers, or registered holders, who are persons other than the trustees.

The provable debt is represented, not by the deed of trust, but by the bonds secured thereby. It has been held on good authority that bondholders whose bonds are secured by a trust mortgage on property of the bankrupt are creditors, notwithstanding the right of trust mortgagees under the mortgage. Collier on Bankruptcy (11th Ed.) 788; United States Trust Co. v. Gordon, 216 Fed. 929, 133 C. C. A. 117;

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mackay v. Randolph Macon Coal Co., 178 Fed. 881, 102 C. C. A. 115; Matter of Ellis, Inc. (D. C.) 242 Fed. 156, 39 Am. Bankr. Rep. 265.

These cases above cited would seem to dispose of the contention of the petitioner, unless a different result ought to be reached by reason of the fact that the bonds are payable, among other persons, to the trustees named. The absence of such a provision has, in some of the cases above cited, been emphasized; but, even though payable to the trustees named in the mortgage, the actual holders of the bonds would be the creditors. It could hardly be contended that the trustees named in the mortgage could maintain an action of contract on the bonds against the corporation without showing title to the bonds. From the referee's certificate it appears that the claimant was not the holder of any of the bonds. In view of this finding of fact by the referee, the cases above cited would still apply to the case now under consideration, and the bondholders, and not the trustees for bondholders, would be the proper parties to prove against the bankrupt estate.

The order of the referee, disallowing the claim, is affirmed.