**FITKIN et al. v. CENTURY OIL CO. (MARYLAND) et al.**

**GUARANTY TRUST CO. OF NEW YORK v. LA PORTE OIL & REFINING CORPORATION (MARYLAND).**

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 87.

1. Mortgages ⊜209—Trustee under mortgage held not entitled to file claim against corporation after appointment of receiver.

Trustee under mortgage to secure notes issued by corporation *held* not such creditor as entitled it to file claim after appointment of receiver for corporation.

2. Mortgages ⊜209—Trustee in deed of trust has no right to file claim therefor, in absence of express authority.

In absence of authority granted to trustee in deed of trust by terms of mortgage, right to file claim therefor resides in note or bondholders only.

3. Action ⊜1—Right to maintain suit is matter of law.

Right to maintain suit is matter of law, and not subject to be controlled by private conventions of parties.

4. Parties ⊜6(1)—Real parties in interest must bring suit.

Suits must be in name of real parties in interest.

5. Mortgages ⊜209—Trustee is not creditor because holding legal title to security.

Mere fact that trustee holds legal title to security does not make it in equity a creditor with respect to deed itself.

Appeal from the District Court of the United States for the Southern District of New York.

Proceeding in equity by A. E. Fitkin and others against the Century Oil Company (Maryland) and others. Order allowing in part the claim filed by the Guaranty Trust Company as trustee under a mortgage for unpaid secured notes against the La Porte Oil & Refining Corporation, and E. Bright Wilson, as receiver, appeals. Order reversed.

Gilman & Unger, of New York City, for appellant.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (William C. Cannon, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. By order of the District Court, a receiver was appointed for the La Porte Oil & Refining Corporation in a proceeding in equity to conserve its assets. That corporation had a mortgage upon its property, and the Guaranty Trust Company was named as trustee in the mortgage. The corporation authorized and issued 5-year first lien and collateral trust 7 per cent. convertible gold notes giving the mortgage on its property as security therefor. The order appointing the receiver enjoined creditors from instituting or prosecuting claims or suits and further decreed that notice should be sent to the creditors to file their claims with the receiver within 90 days of the date of the order. The statement of claim must be duly sworn to by the creditor and the publication of notice for presentation of claims was ordered for a period of 90 days in a newspaper. The appellee filed a claim for the principal amount of the bonds authenticated, interest thereon, its commissions and expenses. At the hearing before the special master, it was conceded that the amount of the bonds outstanding at the time were of the face value of $467,412. All of the holders of these bonds had filed their claims excepting those of the face value of $122,857, and as to this latter sum, the court below allowed the claim of the appellee.

The appellee in its claim stated that it was a creditor of the corporation, and that the consideration for the bonds issued was moneys loaned to it (the La Porte corporation), "and in consideration of the acceptance or purchase of said notes by the holders or registered owners thereof." The claim stated that the appellee could not attach the original notes issued on which the claim was based, because the notes were in the possession of the owners or holders thereof, and the claimant could not obtain the same in order that they might be made part of the claim. It referred to the copy of the notes set forth in the debenture or deed of trust in lieu of the original notes issued thereunder. It further stated that, in filing the claim, the appellee did not surrender or release whatever rights it may hold for said debt under the terms of the trust indenture, but filed its claim for the purpose of securing the notes and right to share in dividends in case the security which it held under the deed of trust was insufficient for the payment of the debts, and expressly reserved its right to enforce such security in the same manner and to the same extent as if the claim had not been filed with the receiver. As the claim was finally presented, it was referred to a special master, who held that the appellee could not maintain its claim; but this was reversed by the District Judge, and the receiver seeks a review of that ruling.

[1] The mortgage by its terms in no way confers upon the appellee rights, other than those usual, to enforce payment of the notes, in the event of default, out of the security held by it as trustee. The appellee was not a creditor of the La Porte corporation, nor did it become assignee, by reason of the terms of the mortgage or otherwise, or attorney in fact for the owners or holders of the outstanding notes, with respect to anything except the mortgaged property. The notes are payable to the bearer thereof, or, if the notes be registered, to the registered holder thereof on the due date.

We are referred to article 6 of the mortgage, the clause with reference to what may be done in case of default. Section 3 thereof provides that the trustee in such event may proceed to protect and enforce its rights and the rights of the note holders "under this indenture" by suit in equity or action at law, either for the specific performance of any covenant or agreement contained or in aid of the execution of any power granted, or to foreclose under the indenture for the interest or for principal or both, and "for the enforcement of any other appropriate legal or equitable right as the trustee shall deem most effectual in support of its rights or duties hereunder." It thus appears that the trustee, in representing the note holders and enforcing their rights as such trustee, is restricted to the rights conferred under this indenture "with reference to the mortgaged property." The purpose of this clause was to permit the foreclosure of the lien held by the trustee for the benefit of the note holders in the event of default, or to take such other action as may be necessary to make valid the lien granted upon the securities and the property transferred to the appellee as security for the payment of the notes.

Article 6, § 4, required the trustee "to take all steps needful for the protection and enforcement of the rights of the trustee and the rights of the holders of the notes hereby secured." The same clause provides such action be taken upon proper indemnity and upon receiving the written request of 20 per cent. of the note holders outstanding. It is not alleged or contended that 20 per cent. or more of the note holders made such a request or that proper indemnity was given. This provision gives the trustee no right to file a claim. The evidence of indebtedness is the note—not the instrument of mortgage. The consent of the appellee to reduce its claim when note holders actually filed their claims individually is an admission against the contention made that the sole and exclusive right resides with the appellee to file a claim for note holders. Without the original notes accompanying the mortgage as part of the proof of claim, the order of the District Court was not complied with in the matter of filing claims. As stated by the appellee, it could not do so, for the notes were in possession of the owners and holders.

It was said below that the practice in the District Court has been to permit the trustee to file the claims of bond or note holders under the mortgage. Pintsch Compressing Co. v. Buffalo Gas Co. (C. C. A.) 280 F. 830, and Penn. Steel Co. v. N. Y. City Ry. et al., 216 F. 458, 132 C. C. A. 518, are referred to as authorities for such practice. The cited cases do not support such a practice or rule of law. In the Pintsch Case, it was not contended that the trustee could not prosecute its claim on its deficiency judgment. It was claimed that, as the bonds were not in default at the time of the appointment of sequestration receivers, the trustee was not entitled to share in the funds of the sequestration receivership. We held that the bonds were provable at the time of the appointment of the receivers without it

being necessary for the trustee or bondholders to first resort to the security given for the bonds. No question was presented as to whether the trustee or bondholders were the proper parties to prosecute the claim. The question presented was whether it was necessary to first resort to the collateral security. In the opinion there delivered, the writer quoted from the opinion of the special master in Penn. Steel Co. v. N. Y. City Ry. Co., supra, where the special master said:

"The claimant trustee under the two Metropolitan mortgages have an unquestionable right under the authorities, federal and state, to prove claims to the extent of the face value of bonds secured, against general assets of the insolvent Metropolitan Company, subject only to the limitation that the amount of the deficiency decrees to be hereafter entered will suggest a maximum amount to be paid on the claims allowed."

There the master was considering two mortgages which contained provisions other than those in the case at bar, one of which contained a covenant that the railway company would pay to the trustee, for the benefit of the holders of the bonds and coupons that may be secured and then outstanding, the whole sum due and payable on all such bonds and coupons for the principal or interest, or both. And, in case the railway company failed to pay the sum, "the trustee in its own name, and as trustee of an express trust, shall be entitled to recover judgment against the railway company for the whole amount so due and unpaid," and the master held that, by virtue of such express authority, the other claimant was authorized to file and approve the claims on behalf of all the owners and holders of bonds as trustees of the express trust. The master's report was approved by the District Judge. There the trustee was a payee of the bonds, and by virtue of the express authority conferred by the mortgage, was duly authorized to file and approve the claim on behalf of the owners and holders of the bonds.

[2] The cases are distinguishable. Here the appellee is not the payee named in the notes, nor is it made such a creditor under the terms of the mortgage. It has been judicially recognized that a provable debt under a deed of trust is represented by the bonds secured thereby, and, in the absence of authority granted to the trustee by the terms of the mortgage, the right to file a claim resides in the note or bond holders only. United States Trust Co. v. Gordon, 216 F. 929, 133 C. C. A. 117; Mackay v. Randolph Macon Coal Co., 178 F. 881, 102 C. C. A. 115; In re U. S. Leatheroid & Rubber Co. (D. C.) 285 F. 884. Under the mortgage here considered, since the trustee is neither the holder nor the payee of the note, it could not maintain an action at law for the collection of any of the notes. Its authority to proceed under the mortgage to collect the principal and interest of the bonds has reference to the collection of or the enforcement of the security.

[3-5] The right to maintain a suit is a matter of law, and not subject to be controlled by private conventions of the parties. Suits must be in the name of the real parties in interest. The only exception to this rule is where a trustee of an express trust may maintain an action in his own name on behalf of the beneficiaries. There the trustee must be the holder of the property or obligation out of which the action arises, or a person with whom or in whose name a contract is made for the benefit of another may maintain an action upon the contract. A trustee under a mortgage comes within this exception as to the security, but not as to the bonds or notes, for they are not payable to the trustee. Mackay v. Randolph Macon Coal Co., supra. The mere fact that a trustee holds legal title to security does not make it in equity a creditor with respect to the debt itself. United States Trust Co. v. Gordon, 216 F. 929, 133 C. C. A. 117.

A distinction is to be noted between allowing a deficiency judgment in foreclosure proceedings and filing a claim as a creditor in either equity or bankruptcy proceedings. Where there is a mere foreclosure, affecting a portion only of the corporation's property, it is advisable, in order to avoid multiplicity of suits arising out of the deficiency judgment and number of note holders, that the trustee collect and distribute pro rata the entire deficiency. But, where an equity receivership or bankruptcy intervenes, there is no longer a reason for allowing the trustee to act for the benefit of the note holders. Particularly is this true where there has been no foreclosure, and where the claim is based solely upon the obligation represented by the notes, which were not owned or held by the trustee, other than the rights conferred by the terms of the deed of trust.

Order reversed.