## In re INDIANA FLOORING CO.

District Court, S. D. New York.

Feb. 25, 1931.

264

Delafield, Thorne, Burleigh & Marsh, of New York City (George H. Porter, of New York City, of counsel), for petitioners.

Beekman, Bogue & Clark, of New York City (Edward K. Hanlon, of New York City, of counsel), for bondholders' committee.

McManus, Ernst & Ernst, of New York City (Irving L. Ernst and Lester D. Melzer, both of New York City, of counsel), for trustee in bankruptcy.

BONDY, District Judge.

The indenture contains the following among other provisions, all of which the trustees strenuously contend gave them the right to file proof of claim against the bankrupt on behalf of all bondholders:

In case of any default specified in the indenture, the trustee in its discretion, and upon request in writing by the holders of a majority in amount of the bonds, shall declare the principal of all the bonds to be forthwith due and payable. Article IV, § 2.

In case of any such default and its continuance for the period specified, the trustee may proceed to protect and enforce the rights of the trustee and the rights of the bondholders under the indenture by suit in equity or action at law. Article IV, § 3.

Upon the request of the holders of one-fourth in amount of the bonds, it shall be the duty of the trustee to take all steps needful for the protection and enforcement of its rights and the rights of the holders of the bonds whether by judicial proceedings or otherwise as the trustee shall deem most expedient in the interest of the holders of the bonds. Article IV, § 5.

In case default shall be made in the payment of any interest for a period of sixty days, or in the payment of the principal when the same shall become due, then, upon the demand of the trustee, the company will pay to the trustee, for the benefit of the holders of the bonds and coupons, the amount then due and payable, together with interest and the cost and expense of collection, and, in case the company shall fail to pay the same forthwith upon such demand the trustee in its own name and as trustee of an express trust shall be entitled to recover judgment for the whole amount due and unpaid, and the trustee shall be entitled to recover judgment before, after, or during the pendency of any proceedings for the enforcement of the lien of the indenture upon the trust estate, and, in case of a sale of the trust estate and of the application of the proceeds of sale to the payment of the debt, the trustee in its own name and as trustee of an express trust shall be entitled to enforce payment of and to receive all amounts then remaining due and unpaid upon any and all bonds then outstanding for the benefit of the holders thereof, and shall be entitled to recover judgment for any portion of the debt remaining unpaid, with interest, and no recovery of any judgment by the trustee, and no levy of any execution upon property subject to the lien of the indenture, or upon any other property, shall in any manner affect the lien of the trustee upon the trust estate or any rights, powers, or remedies of the trustee under the indenture or any rights, powers, or remedies of the holders of the bonds. Article IV, § 10.

No holder of any bond or coupon shall have any right to institute any proceeding in equity or at law for the foreclosure of the indenture or for the execution of any trust or for appointment of a receiver or for any other remedy under the indenture, unless the holders of at least 10 per cent. in amount of the bonds outstanding shall have given to the trustee written notice of some default and of the continuance thereof; nor unless the holders of a majority in principal amount of the bonds shall have requested the trustee in writing to take action and shall have afforded to it a reasonable opportunity to do so; nor unless the trustee shall have refused or neglected to act, and no one or more holders of bonds or coupons shall have any right in any manner whatever to affect or disturb or prejudice the lien of the indenture by his or their action, or to enforce any right thereunder except in the manner provided, and all proceedings thereunder at law or in equity shall be instituted, had, and maintained in the manner therein provided, and for the equal benefit of all holders of such bonds and coupons. Article IV, § 12.

All rights of action under the indenture or under any of the bonds or coupons may be

enforced by the trustee without the possession of any of the bonds or coupons or the production thereof at any trial or other proceeding relative thereto, and any such suit or proceeding instituted by the trustee shall be brought in its name as trustee, and any recovery of judgment shall be for the ratable benefit of the holders and registered owners of the bonds and coupons. Article IV, § 17.

The indenture, however, contains the provision that nothing in the indenture or in the bonds or in the coupons attached thereto shall affect or impair the obligation of the company, which is unconditional and absolute, to pay the principal and interest of the bonds to the respective holders of the bonds and to the respective holders of the coupons attached thereto at the respective due dates in such bonds and coupons stated, nor affect or impair the right of action, which is also absolute and unconditional, of such holders to enforce such payment. Article IV, § 12.

■ This provision clearly establishes that it was not intended to transfer or assign to the trustee the right of action to enforce payment of the bonds (which by their terms are payable to bearer or registered holder), or to make the trustee a creditor or the real party in interest in any action brought to enforce payment of the bonds. The other provisions accordingly must be regarded as conferring no rights upon the trustee other than those usual in the event of default to enforce the security, the title to which is held by the trustee, and as restricting the bondholders' right of action only so far as it affects the enforcement of the security.

■ The mere fact that the trustee holds legal title to security does not make it a creditor with respect to the debt itself.

The order of the referee disallowing the proof of debt filed by the trustees accordingly is affirmed. Fitkin v. Century Oil Co. (C. C. A.) 16 F.(2d) 22; Mackay v. Randolph Macon Coal Co. (C. C. A.) 178 F. 881; In re United States Leatheroid & Rubber Co. (D. C.) 285 F. 884.

■ This result is not affected by the fact that a majority in amount of the bondholders as a matter of precaution requested the trustee to file a proof of claim on behalf of the holders of all outstanding bonds because the request was expressly made without prejudice to the rights of bondholders, and because who may maintain a suit and may file a claim in bankruptcy is a matter of law, not subject to control by the private conventions of the parties.