therefrom is taken, and the judgment unanimously affirmed at $17,403.38 (deducting a small sum conceded by plaintiff to be erroneous), with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

EMIL J. FRENGER, Respondent, v. HENRY KATZ and ELEANOR V. KATZ, His Wife, Appellants, and Others, Defendants.— Order of the County Court of Nassau county reversed on the law, with ten dollars costs and disbursements, and motion to vacate and set aside the deficiency judgment entered herein in the sum of $1,556.03 granted, with ten dollars costs. Section 1083-a of the Civil Practice Act imposes a limitation upon the entry of deficiency judgments after a sale during the emergency period, by providing that the residue of the debt shall not be the subject of a deficiency judgment if no motion therefor shall be made as in said section 1083-a prescribed. Failing to make such a motion, the proceeds of the sale satisfy the mortgage debt, and a deficiency judgment may not be entered. (*Feiber Realty Corp.* v. *Abel, No. 1,* 240 App. Div. 985.) Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

LESLIE N. HEATHERTON, Respondent, v. JAMES M. HEATHERTON and Others, Appellants. (Appeals Nos. 1 and 2.) — Order, in so far as appealed from, granting, on reargument, an examination of defendant James M. Heatherton before trial, and order directing, on reargument, a discovery and inspection, affirmed, with ten dollars costs and disbursements for both appeals; the examination and inspection to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

ELLA HOPKINS, Respondent, v. ELWOOD W. HOPKINS, Appellant. (Appeal No. 1.) — Order denying defendant's motion to modify final judgment of separation affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

ELLA HOPKINS, Respondent, v. ELWOOD W. HOPKINS, Appellant. (Appeal No. 2.) — Order granting counsel fee affirmed, with disbursements to respondent. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

HUDSON COUNTY NATIONAL BANK, as Successor Trustee of the Trust Created by the Late JAMES S. COWARD in His Lifetime by Deeds or Declarations of Trust Dated March 30, 1921, and August 10th, 1922, for the Benefit of HATTIE C. WOODRUFF, Respondent, v. ALFRED P. GARDINER and Others, Defendants, and HESSIAN HILLS REALTY CORPORATION, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, motion denied, with ten dollars costs, and the plaintiff's time to reply extended ten days from the entry of the order herein. The defendant in its amended answer has set forth matters by way of defense and counterclaim which, if substantiated upon the trial, would seem to constitute rights in the mortgaged premises which otherwise would be cut off in this foreclosure action. The plaintiff may not have that issue determined on a motion for judgment on the ground that the answer is sham and frivolous, pursuant to rule 104 of the Rules of Civil Practice, by the submission of voluminous proof involving the title and the rights of the parties. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of ANTONIO CUSIMANO, as Guardian ad Litem of JOSEPH CUSIMANO, an Infant, Appellant. RAYMOND STRONG, as Receiver, Respondent.—