## SAWYER GRANT LAND CO. v. McPHERSON.

### No. 3681.

District Court, W. D. Michigan, S. D.

July 16, 1935.

Knappen, Uhl, Bryant & Snow, **of** Grand Rapids, Mich., for plaintiff.

L. W. Harrington and Oscar E. Waer, both of Grand Rapids, Mich., for defendant.

712

RAYMOND, District Judge (after stating the facts as above).

The fundamental question in this proceeding is whether defendant's obligation as a guarantor of promissory notes secured by trust deed was discharged by the failure of the trustee in foreclosure proceedings to take a deficiency decree against Court Oreilles Land Company, the maker of the notes. Because the facts are largely undisputed and are stated in the findings of fact filed herewith, no extended statement thereof is required in this opinion.

Defendant contends that the trustee, having prayed in the bill for foreclosure for a deficiency judgment, and having obtained a decree providing for determination of the deficiency, and having bid in the property for an amount less than the indebtedness, and having obtained confirmation of the mortgage sale by express waiver of his right to take a deficiency judgment, did in legal effect accept the mortgaged property in full payment and

satisfaction of the mortgage debt, and that the guarantors were thereby released from their obligation upon the guaranties. Defendant relies principally upon the following cases to sustain his contention that the waiver of a deficiency decree in foreclosure proceedings constitutes satisfaction of the debt secured: Kremer v. Rule, 216 Wis. 331, 257 N.W. 166; Suring State Bank v. Giese, 210 Wis. 489, 246 N.W. 556, 85 A.L.R. 1477; Belle Mead Development Corporation v. Reed, 114 Fla. 300, 153 So. 843; and Frenger v. Katz, 241 App.Div. 766, 270 N.Y.S. 539; and upon the generally recognized proposition that payment or voluntary discharge of the principal obligation discharges the guarantor.

On the other hand, plaintiff asserts that the trustee under the trust deed was without authority, express or implied, to either seek or waive a deficiency decree, and that his acts could not in any way affect the rights of the original noteholders or of plaintiff.

██ Upon the trial, the trustee testified that he did not ask for a deficiency decree for the reason that he believed he lacked authority so to do. See Equitable Trust Co. v. Washington-Idaho Water, Light & Power Co. (D.C.) 300 F. 601; Brant Independent Mining Co. v. Palmer (C.C.A.) 262 F. 370; Lane v. Equitable Trust Co. of New York (C.C.A.) 262 F. 918; and Mackay v. Randolph Macon Coal Co. (C.C.A.) 178 F. 881. However, regardless of the power or lack of power of the trustee under the terms of the trust deed to take a deficiency decree, the court is of opinion that the document contains no authorization of the trustee, either express or implied, to waive or release the mortgage debt without payment thereof. The instrument clearly indicates that the intention of the parties was to make Kopp trustee, not of the debt, but of the security. Had he undertaken by direct means to release the principal indebtedness, the trust instrument would have been searched in vain for any authority for such act. The powers of a trustee are inevitably derived from the trust instrument itself, and authority to represent bondholders in any given act must be found there either expressly or by necessary implication. It is fair to assume that had the trust instrument conferred authority upon the trustee to discharge the principal obligation by other means than payment, the notes which it purported to secure would not have been marketable. Purchasers of the notes obviously had the right to look to three possible sources for payment, namely, the corporate maker, the security afforded by the trust deed, and the entirely distinct unlimited guaranties of payment by the two principal stockholders. Only the statement in clear and unmistakable language to such effect would justify construction of the trust deed as including authority to the trustee to discharge the principal obligation and thereby release the guarantors by any other means than payment. To assume such authority would be to render the making of the guaranties an empty gesture. Certainly, such a result should not arise from uncertain implications.

██ Examination of the cases relied upon by defendant to sustain the proposition that the waiver of the deficiency decree constituted satisfaction of the debt discloses that none involved a foreclosure by a trustee under a trust deed or mortgage. Ordinarily, a trustee is empowered by the trust instrument only to realize upon the security by foreclosure. The clear limitation of the powers and duties of trustees under trust mortgages is recognized in the recent case of In re Allied Owners' Corporation (C.C.A.) 74 F.(2d) 201, 97 A.L.R. 360. It is there held that the powers of the trustee are measured by the terms of the mortgage and that to make the act of the trustee binding on bondholders the trust mortgage must show that the trustee was authorized to represent the bondholders.

The case Moran v. Hagerman (C.C.A.) 64 F. 499, holds that it is only where the trustee acts for the bondholders within the scope of the powers conferred by the deed of trust that his acts bind the latter.

██ In view of the finding that the trustee was entirely without authority to waive the rights of the noteholders by any means whatever, it is ordered that judgment be entered for the plaintiff.