MAUD GAMBLE COMER, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108072.   Promulgated September 23, 1942.

*John W. Townsend, Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

OPINION.

KERN: Respondent has determined deficiencies in petitioner's income tax liability for the years 1938 and 1939 in the respective amounts of $1,226.31 and $207.35. Petitioner has alleged that respondent erred in such determination in two respects. Respondent has conceded one of the two errors alleged in the petition, and therefore, this proceeding presents but one issue.

All of the facts were stipulated by the parties and we find the facts to be as stipulated. They may be stated as follows:

The petitioner is an individual and resides at 1036 Vineville Avenue, Macon, Georgia. She filed her income tax returns with the collector of internal revenue for the district of Georgia.

During the year 1938 petitioner owned seventeen $1,000 5½ percent first mortgage bonds of Wesleyan College, a corporation organized and existing under the laws of the State of Georgia. These bonds had been acquired by the petitioner in 1928 and 1929 and had in her hands a cost basis of $17,050.

The entire issue of Wesleyan College bonds, aggregating $998,000, having been defaulted as to principal and interest on February 15, 1933, the petitioner, on or shortly after June 1, 1936, deposited the seventeen bonds owned by her with a "Bondholders Protective Committee", pursuant to a deposit agreement, following which she received a "Certificate of Deposit."

On March 1, 1938, the mortgage securing the aforesaid issue of Wesleyan College bonds was foreclosed by the Citizens & Southern National Bank, as trustee under the bond mortgage in a suit brought by the trustee as sole petitioner, and the properties of the said corporation were thereupon sold to the bondholders' protective committee, the only bidder, for the sum of $225,000. Judgment was also entered in favor of the trustee for the deficiency in principal plus interest and attorney fees. No assets of Wesleyan College have been found against which the judgment could be levied.

After deducting expenses incident to the foreclosure sale above mentioned the court determined and directed that each $1,000 bond be credited with the sum of $222.1657. On her seventeen bonds having a cost basis of $17,050, the petitioner, pursuant to the court's decree and after the deduction of certain committee expenses, received a net credit of $3,699.81.

In her individual income tax return for the calendar year 1938 the petitioner deducted the sum of $13,223.18 as a bad debt, and she now claims the proper deduction to be $13,350.19.

The Commissioner has determined that the petitioner's loss as the result of the foregoing transaction was a capital loss and has limited

it to $6,675.09 under the provisions of section 23 (k) (2) and (3) and section 117 (b) of the Revenue Act of 1938.

Petitioner contends that the indebtedness owed to her by Wesleyan College and originally evidenced by the bonds above referred to was extinguished by the foreclosure proceeding and merged into the deficiency judgment rendered therein; that thereafter and at the time the debt was ascertained to be worthless and charged off the debt was evidenced by the judgment and not by any security within the meaning of section 23 (k) (2) and (3) of the Revenue Act of 1938,[1] and that therefore no limitation of section 117 of the revenue act is applicable.

We do not pass upon the validity of petitioner's argument in cases where a mortgage is given directly to the holder of a bond of the mortgagor and suit is brought by the holder of the bond to recover judgment on the bond and to foreclose the mortgage securing it. This is not the situation present in this proceeding. Here the suit was brought by the trustee under the mortgage, and not by the bondholders suing upon the bonds. The bondholders were not parties to the foreclosure suit, and, in the absence of extraordinary circumstances not present here, would not have been proper parties plaintiff. Fletcher, Cyclopedia Corporations (1917) § 1371; 19 C. J. S. § 1202. The trustee under a mortgage securing a bond issue has no right to bring suit on the bonds themselves. Consequently, the bonds are not merged in any deficiency judgment obtained by the trustee against the corporation in a suit to foreclose the mortgage. Fletcher, Cyclopedia Corporations (1917) § 1344; 19 C. J. S. § 1208 (p. 885). *Mackay* v. *Randolph Macon Coal Co.*, 178 Fed. 881. Therefore, petitioner's argument fails.

Upon the issue presented we decide against petitioner. However, because respondent has conceded error as to the other issue raised by the petition,

*Decision will be entered under Rule 50.*

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
* * * * * * *
(k) BAD DEBTS.—
* * * * * * *
. (2) SECURITIES BECOMING WORTHLESS.—If any securities (as defined in paragraph (3) of this subsection) are ascertained to be worthless and charged off within the taxable year and are capital assets, the loss resulting therefrom shall, in the case of a taxpayer other than a bank, as defined in section 104, for the purposes of this title, be considered as a loss from the sale or exchange, on the last day of such taxable year, of capital assets.
(3) DEFINITION OF SECURITIES.—As used in this subsection the term "securities" means bonds, debentures, notes, or certificates, or other evidence of indebtedness, issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form.